## OVERSTREET et ux. v. DONNELL, Sheriff, et al.

### No. 1326.

Court of Civil Appeals of Texas. Eastland.

Oct. 19, 1934.

Rehearing Denied Nov. 9, 1934.

J. S. Overstreet, of Ryan, Okl., for appellants.

J. W. Chancellor and T. B. Coffield, both of Bowie, for appellees.

FUNDERBURK, Justice.

The suit was brought by **J. S. Overstreet** and wife against Jeff Donnell, sheriff of Clay county, and National Surety Company, a corporation. The nature of the recovery sought does not clearly or certainly appear from the record. Perhaps the conclusion is justifiable that plaintiffs sought recovery of judgment for damages, actual and exemplary, for the wrongful seizure and conversion by Sheriff Donnell of certain personal property belonging to plaintiffs. The petition wholly fails to state the nature of the claim against defendant National Surety Company. Only the defendant Donnell answered. As to the surety company, the record shows no service of citation, waiver thereof, or appearance by it. The defendant Donnell answered by general demurrer and by a number of special exceptions. He further answered by general denial and specially pleaded facts which, if true, would show that if plaintiffs had any cause of action growing out of the transaction in question, the First National Bank of Bowie, Tex., was a necessary party thereto. The trial court overruled the general demurrer, but sustained some of the special exceptions. The plaintiffs appeared in the prosecution of their suit without the assistance of counsel, and when the special exceptions were sustained the court, according to a recitation in his order, advised the plaintiffs as to the procedure, in reply to which the plaintiffs stated to the court that they would not amend in any particular, but desired to appeal from the order of the court dismissing the case. The court thereupon dismissed the case, and from that order, or judgment, the plaintiffs have appealed.

As in the trial court, the appellants (plaintiffs below) appear in this court without

the aid of counsel. Upon motion of the appellee, we, prior to submission, struck out the appellants' brief for defects alleged, among them being the total omission of any assignments of error. We granted leave to file an amended brief, but the amended brief is also wholly devoid of any assignments of error, or other characteristic elements of a brief. It is well settled that our jurisdiction to review a judgment upon appeal from final judgment duly perfected can only be invoked by assignments of error or fundamental errors reflected by the record. Panhandle & Santa Fé Ry. Co. v. Burt (Tex. Civ. App.) 71 S.W.(2d) 390. It follows, therefore, that as the case is presented to us we can only look to the record to determine if one or more fundamental errors prejudicial to appellants have resulted in an improper dismissal of the suit.

[2, 3] We find it unnecessary to determine whether appellants' petition was subject to general demurrer. The trial court overruled the general demurrer, and, therefore, the judgment of dismissal should upon this appeal be tested by the validity of the grounds upon which the judgment was predicated. Plaintiffs' petition was so defective that we can scarcely determine from a reading of it the nature of the cause of action sought to be alleged, even as against the defendant Donnell. It was undoubtedly subject to special exceptions. The court sustained a number of special exceptions. It is not material to the present inquiry whether all of such special exceptions were properly sustained. The material inquiry is: Were any of them properly sustained? It is our conclusion that a number of exceptions designed to require a better and more complete statement of the facts upon which the plaintiffs relied for recovery were properly sustained. The action of the court in sustaining such special exceptions was an expression of the court's judgment that they should not appear in their then existing form in the plaintiffs' trial pleadings. Plaintiffs had the right, and were granted full opportunity, to file an amended petition to meet the court's ruling. The court was not required to proceed to trial with the objectionable matter in the trial pleadings. Plaintiffs having refused to amend, the court properly, we think, dismissed the suit. In some jurisdictions defects of form in pleadings are cured by motions to make more definite and certain, or motions to make more specific, etc. In our practice the same function is performed by special exceptions. Our courts have the same powers of enforcing orders up-

on sustaining special exceptions which the courts of other jurisdictions have in enforcing their orders sustaining motions to make more definite and certain, or more specific. In 49 C. J. p. 740, § 1037, it is said: "When an order has been properly granted to make a pleading more definite and certain, or more specific, failure or refusal to comply therewith is an act of contempt, and the action may, and, according to some authorities, must, be dismissed without prejudice, at least in the absence of reasonable and proper excuse." In this case, upon plaintiffs' refusal to amend, the court expressly without prejudice properly dismissed the case.

Having concluded there was no error in the action of the court, and that the judgment should be affirmed, it is accordingly so ordered.