SHIP AHOY, INC., Appellant,

v.

Gene WHALEN, Individually and d/b/a
Gene Whalen & Company, Appellee.

No. 13710.

Court of Civil Appeals of Texas.

Houston.

June 1, 1961.

Al L. Crystal, Houston, for appellant.

Franklin R. Navarro, B. Rice Aston, Houston, for appellee.

COLEMAN, Justice.

Gene Whalen, d/b/a Gene Whalen & Company, sued Ship Ahoy, a Texas corporation, and others, for debt. The case was tried to the court without a jury and resulted in a judgment for plaintiff against Ship Ahoy only.

Prior to this trial defendants had urged special exceptions which were sustained and the court entered an order as follows:

"It is accordingly ordered, adjudged and decreed that the Defendants' exceptions numbered in Roman Numerals I, II, III, IV, V, VI, VII be, and they are hereby in all things sustained, and Plaintiff's Original and First Amended Petition be and the same is hereby ordered stricken.

"It is hereby further ordered, adjudged and decreed that all costs incurred, be and the same are charged to the Plaintiff."

Appellant urges that this order constituted a judgment which had become final prior to the time the amended petition was filed on which the parties went to trial. Appellant called this to the attention of the trial court by a motion to strike, which was denied. This action of the trial court constitutes the first point of error on this appeal.

█ "A ruling which merely sustains the exception, without expressly disposing of the case, even though it notes that the pleader has taken an exception to the ruling and given notice of appeal, is not a final judgment for purposes of appeal." McDonald, Texas Civil Practice, Vol. 3, § 10.14, p. 882; Vol. 4, § 17.09, p. 1334. The order sustained exceptions and ordered the petition stricken. Such action was not equivalent to dismissing the case, but the effect of the order was to require a repleader. On failure to replead within a reasonable time, the trial court could enforce his order by contempt proceedings, Shaw v. Universal Life and Accident Ins. Co., Tex.Civ.App., 123 S.W.2d 738, or could order the case dismissed. Overstreet v. Donnell, Tex.Civ. App., 75 S.W.2d 937. Since the court had not ordered the case dismissed at the time the second amended petition was presented, the court properly permitted it to be filed even though 100 days had elapsed since the repleader was ordered. Overstreet v. Donnell, supra, writ dism.

█ Appellant urges that the case should be reversed because of the error of the court in overruling defendant's special exceptions to Exhibit "B" attached to Plaintiff's Second Amended Petition. The substance of this exception is that the exhibit shows that the account is charged to both Ship Ahoy and Golden Hour Enterprises and that the defendant is unable to determine which of the expenses and services were charged to Ship Ahoy and which were charged to Golden Hour Enterprises. Plaintiff's petition alleged a cause of action against all defendants jointly and severally. In urging this exception the defendants necessarily assume that as a matter of law there could be no joint liability. We think it requires no citation of authority to demonstrate the soundness of the proposition that two corporations may employ a single agent to perform services beneficial to both corporations under circumstances rendering both corporations liable for his reasonable or agreed compensation jointly and severally. The trial court did not err in overruling this exception.

Appellant's next points of error complain that the judgment of the trial court is supported by no evidence and is contrary to the undisputed evidence. The points are not well taken.

■ Appellant's final point presents his contention that the trial court erred in admitting into evidence a contract between appellee and Ship Ahoy for the reason that there was no evidence that the person signing for Ship Ahoy was authorized to enter into such a contract. Appellant failed to file a sworn denial of the execution of the contract. Sec. (h) of Rule 93, Texas Rules of Civil Procedure, provides:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

\* \* \* \* \* \*

"(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. Where such instrument in writing is charged to have been executed by a person then deceased, the affidavit shall be sufficient if it state that the affiant has reason to believe and does believe that such instrument was not executed by the decedent or by his authority. In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

The contract was properly admitted into evidence.

The judgment of the trial court is affirmed.