GEOCHEM LABORATORIES, INC., Appellant,

v.

BROWN & RUTH LABORATORIES, INC., et al., Appellees.

No. 01–84–0760–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 28, 1985.

Rehearing Denied April 25, 1985.

Van E. McFarland, Michol O'Connor, McFarland & Tondre, Houston, for appellant.

Barry H. Richardson, Scott Douglas Cunningham Wood, Lucksinger & Epstein, Houston, for appellees.

Before BASS, HOYT and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

The principal issue in this appeal is whether a trial court, after sustaining special exceptions to the plaintiff's petition, erred in dismissing the plaintiff's suit without affording the plaintiff an opportunity to amend its petition.

After plaintiff, Geochem Laboratories, filed this suit, the defendants' special exceptions were sustained. The plaintiff amended its petition three times, and the defendants filed special exceptions after each amendment. Following a hearing on the defendants' special exceptions to the Plaintiff's Third Amended Original Petition, the court ordered "that all of said Special Exceptions should be sustained. Accordingly, it is ordered, adjudged, and decreed that Special Exceptions I, II, III, IV, V, VI, VII, and VIII are hereby sustained and Plaintiff's suit against Defendants is hereby dismissed." The court stated no reasons for the dismissal.

 It is well settled that when special exceptions are sustained, the pleader has two options: (1) he may, as a matter of right, amend his petition, or (2) he may

refuse to amend and thereby test the validity of the ruling on appeal. *Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). If the pleader refuses to amend his pleading, the trial court may by further order either strike the objectionable portion of the pleading, *see Ship Ahoy, Inc., v. Whalen,* 347 S.W.2d 662, 663 (Tex.Civ.App. —Houston 1961, no writ), or dismiss the suit if the remaining allegations in the petition fail to state a cause of action. *Farias v. Besteiro,* 453 S.W.2d 314, 317 (Tex.Civ. App.—Corpus Christi 1970, writ ref'd n.r. e.); *see also* 3 R. McDonald, Texas Civil Practice in District and County Courts sec. 10.14.5 (rev.1983).

■ It is also well settled that the trial court may not dismiss a suit until the party has been given an option to amend, *Harold v. Houston Yacht Club,* 380 S.W.2d 184, 186 (Tex.Civ.App.—Houston 1964, no writ), unless the trial court can determine that an amendment will not cure the defect. *See Williams v. Muse,* 369 S.W.2d 467, 470 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).

■ The defendants contend that the plaintiff was given an opportunity to amend *three* times, and therefore, the trial court properly dismissed this suit. However, the defendants' special exceptions to plaintiff's third amended petition contained exceptions that had not been made previously. Hence, the court had not previously ruled on these new exceptions. The plaintiff should have been given an opportunity to amend its Third Amended Original Petition. *See Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex. 1974).

■ Defendants also contend that the plaintiff was given an opportunity to amend after the special exceptions to the third amended petition had been submitted. Plaintiff filed a motion for reconsideration, in which it attacked the sufficiency of the pleadings and the insufficiency of the special exceptions. Defendants argue that by filing this motion and by failing to attach

amended pleadings or to produce these at the hearing, plaintiff, in effect, refused to amend its pleadings. We disagree. Plaintiff did complain in its motion that it had been denied the opportunity to amend, because the trial court dismissed the suit. This complaint by the plaintiff was sufficient to place the trial court on notice that plaintiff was not refusing to amend its pleadings.

The plaintiff asserts that the trial court erred in sustaining defendants' special exceptions. We do not rule on this contention, because the plaintiff was not given an opportunity to amend, and thus, dismissal was improper. The validity of the court's ruling on these special exceptions therefore is not in issue. *See McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

■ Plaintiff also requests that its attorney's fees for this appeal be taxed against the defendants. Article 2226 of the Texas Revised Civil Statutes Annotated, cited as authority for this request, does not authorize such an award. We deny this request.

The judgment of the trial court is reversed, and the plaintiff's suit is reinstated.