Etta Mae **MILLER**, Appellant,

v.

**David KOSSEY and Don Bain, Individually and dba D & D Services, Appellees.**

**No. 07–89–0390–CV.**

Court of Appeals of Texas, Amarillo.

Jan. 4, 1991.

Rehearing Overruled Jan. 30, 1991.

Phil Black, Clay L. Ballman, Borger, for appellant.

Jody G. Sheets, Wyatt L. Brooks, Culton, Morgan, Britain & White, Amarillo, for appellees David Kossey, et al.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

The trial court dismissed Etta Mae Miller's causes of action alleged against David Kossey and Don Bain, both individually and d/b/a D & D Services, and grounded on common law fraud, breach of warranty, breach of contract, and a violation of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA).[1] With two points of error, Miller contends the court erred in dismissing her DTPA action because she failed to comply with the 30–day pre-filing notice, and in dismissing her other actions because she announced not ready to proceed on them. The points will be overruled and the judgment will be affirmed.

Miller orally contracted with Kossey and Bain to construct additions and improvements to her home. Later, in July of 1984, she, being dissatisfied with their performance, gave them written notice of her complaints, the damages, expenses, and attorney's fees she claimed for breach of contract, breach of warranty, and violation of the DTPA. The notice was prompted by the then existing DTPA section, which read:

> As a prerequisite to filing a suit seeking damages under Subdivision (1) of Subdivision (b) of Section 17.50 of this subchapter against any person, a consumer shall give written notice to the person at least 30 days before filing the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

---

1. Tex.Bus. & Com.Code Ann. § 17.41, et seq.    (Vernon 1987; Vernon Supp.1991).

Tex.Bus. & Com.Code Ann. § 17.505(a) (Vernon 1987).[2]

Afterwards, in October of 1984, Miller instituted the action underlying this appeal. A year later in October of 1985, she amended her petition to allege the giving of the 30–day written notice of her complaints, damages, and expenses, including attorney's fees.

Subsequently, in early September of 1988 and before the cause had been set for a jury trial on the following October 24th, Kossey and Bain filed a plea in abatement, alleging that Miller's July, 1984 notice was so overreaching and unreasonable as to constitute no notice at all, and praying for an abatement until they were "given the rights afforded them under the Texas Deceptive Trade Practices Act." After an October 5 hearing on the motion, the court, signing an "AGREED ORDER" on October 14, recited that

the parties through their respective attorneys announced to the Court that it was agreed that the notice was inadequate and that a new notice would be sent by the plaintiff to the defendants.

Thereupon, the court ordered

that plaintiff shall submit a new notice to the defendants in compliance with the Deceptive Trade Practices–Consumer Protection Act and that defendants shall reply to said notice within seven days of the notice being given. The requiring of the new notice by this Order does not relieve any of the parties of the obligation of being ready for trial on the October 24th [1988] setting of this case.

The October 24 setting did not result in a trial and, subsequently, the cause was reset for trial on November 28, and on January 23, February 6, March 29, and May 22 in 1989.

Admittedly, Miller had not submitted the new notice ordered when, on March 10, 1989, she filed her second amended petition, adding a claim for fraud and alleging that her claim was presented on July 10, 1984 in the manner and form required by the DTPA. It is agreed that after the cause was set for a jury trial on May 22, 1989, a new notice, which is not shown of record, was mailed by Miller on the preceding May 17 and received by Kossey and Bain on May 19.

On the day set for trial, May 22, Kossey and Bain filed their plea to the jurisdiction of the court, by which they moved for a dismissal of Miller's action, asserting that because her new notice did not comply with the statutory time limits, the court did not have jurisdiction of her DTPA claim. The court interrupted a presentation of the plea for the selection of juries for causes, including this one, set for trial on May 22. After all parties had announced ready for trial, with Kossey's and Bain's announcement being subject to their pending motions, a jury was selected to try this cause, and the court recessed the hearing on the plea until May 25, on which day Miller filed her response.

Upon hearing the plea on May 25, the court signed an order the following October 11th dismissing all of Miller's causes of action after finding

that consistent with an order signed by the Court on October 14, 1988, the Plaintiff was allowed an opportunity to send a new notice ... to the Defendants because the parties had agreed and the Court had ordered that the notice sent previously was inadequate. The Court finds that the Plaintiff had more than six months after October 14, 1988, to send a new notice and that no notice that complies with the statute was sent thereafter. The Court finds that a demand notice in compliance with this statute is a necessary element of the Plaintiff's cause of action.

\* \* \* \* \* \*

Upon the announcement from the bench by the Court that the Deceptive Trade Practices—Consumer Protection Act claims of the Plaintiff were dismissed without prejudice, counsel for

---

**2.** This subsection was amended effective September 1, 1989 to provide for the giving of written notice at least 60 days before filing suit.

See Tex.Bus. & Com.Code Ann. § 17.505(a) (Vernon Supp.1991).

Plaintiff announced to the Court that the Plaintiff was not willing to go forward on any of the other claims of the Plaintiff. Upon the announcement by counsel that the Plaintiff was unwilling to go forward on any of her other claims, the Court finds that the balance of the claims in Plaintiff's petition should be dismissed.

Appealing from the judgment, Miller first contends that the court erred in dismissing her DTPA action because of her failure to comply with the requirements of sending a 30–day pre-filing notice.

■ To construct an erroneous basis for the court's ruling, Miller begins by representing that her July, 1984 notice met the requirements of the DTPA's section 17.-505(a) as to both time and contents. However, her counsel agreed with opposing counsel in open court that the notice was inadequate and a new notice would be sent. The embodiment of the agreement in the court's October 14, 1988 order made the agreement enforceable. Tex.R.Civ.P. 11; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Miller has not suggested any reason why the agreed order is not binding and, consequently, she is in no position to attack the order she induced the court to make. *Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 322 (Tex.1984). Therefore, she may not rely upon the July, 1984 notice.

■ Next, Miller argues that although her second notice did not meet the 30–day pre-filing requirements, she was under no obligation to do so. This results, she says, since the purpose of the pre-filing notice to discourage litigation and encourage settlements of consumer complaints could not be achieved, because litigation had begun almost four years earlier and it is doubtful that any settlement would take place, or be enhanced by an additional 30 days.

The argument begs the question. Given that the purpose of the notice requirement is to discourage litigation and encourage settlement of consumer complaints, *Jim Walters Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex.1985), it follows that

there can be no opportunity for either unless a proper written notice is given. It is the giving of the statutory notice, not the institution of litigation, that affords the recipient sufficient time to investigate and evaluate the consumer's DTPA claim, and to determine whether to make a settlement offer rather than expose himself to additional damages and attorney's fees which will result if a lawsuit is successfully prosecuted. *Id.; Cielo Dorado Dev. v. Certainteed Corp.*, 744 S.W.2d 10, 11 (Tex. 1988) (Gonzalez, J., dissenting).

To follow Miller's argument to its logical conclusion would nullify the notice requirement, which is an integral part of the DTPA, *Id.* at 11–12, the law intended by the Legislature to rectify the inadequacies of traditional common law remedies in certain deceptive trade practices. *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex.1980). It is the function of the court to "enforce the legislative intent, and not to defeat, nullify or thwart it." *Woods v. Littleton*, 554 S.W.2d 662, 665 (Tex.1977) (quoting *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273, 278 (1951)).

■ Still, Miller contends that if a full 30 day notice would have helped the parties settle the case, or if Kossey and Bain were harmed by the lack of the full 30 day notice, the proper procedure was an abatement of the case until the notice requirement was satisfied. The contention echoes the holdings that an abatement rather than a dismissal is the appropriate remedy when the defendant timely objects to the consumer's failure either to give any notice, *The Moving Co. v. Whitten*, 717 S.W.2d 117, 124 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), or to give a proper notice. *Sunshine Datsun, Inc. v. Ramsey*, 680 S.W.2d 652, 655 (Tex.App.—Amarillo 1984, no writ). However, in those situations where the remedy of abatement was applied, the consumer had not been afforded the opportunity to remedy the notice defect when it was joined as an issue in the trial court.

Contrarily, in this cause Miller not only was afforded the *Sunshine Datsun* remedy of abatement to correct the notice she

agreed was inadequate, but she was ordered to do so. Yet, as the court found in its order of dismissal, she had more than six months after its order to send a new notice, and no notice that complies with the statute was sent.

Obviously, the court, in ordering Miller in October of 1988 to send a new DTPA notice, merely required her to assume her burden to establish as a matter of law that notice was timely given and was legally sufficient, *Cielo Dorado Dev. v. Certainteed Corp.*, 744 S.W.2d at 12, without which there can be no recovery. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). Absent any complaint by the parties that the court's order allowed less than the statutory time for notice, the import of the court's order was that the new notice was to be sent in time for Kossey and Bain to reply to it within seven days before the October 24, 1988 trial date. In so ordering, the court was exercising its power to make Miller substantially conform to the rules. Tex.R.Civ.P. 68.

 Equally obvious is that Miller did not send a new notice in compliance with the court's order or, as the court found in its dismissal order, within six months thereafter before the May 22, 1989 trial setting. Because the written notice is "a prerequisite to filing suit," the notice is a mandatory requirement for recovery. *Cail v. Service Motors, Inc.*, 660 S.W.2d at 815. Then, it is understandable that the court found that the statutory notice was a necessary element of Miller's cause of action. *See Cielo Dorado Dev. v. Certainteed Corp.*, 744 S.W.2d at 12.

Thus, when Miller failed to comply with the court's October, 1988 order to send a new notice establishing a necessary element of her cause of action, the court was authorized to dismiss her DTPA action. *Stein v. Highland Park Ind. School Dist.*, 574 S.W.2d 807, 809 (Tex.Civ.App.—Texarkana 1978, writ dism'd); *City of Alice v. Lacey*, 362 S.W.2d 919, 920 (Tex.Civ.App.—San Antonio 1962, no writ); *Ship Ahoy, Inc. v. Whalen*, 347 S.W.2d 662, 663 (Tex. Civ.App.—Houston 1961, no writ); *Overstreet v. Donnell*, 75 S.W.2d 937, 938 (Tex.

Civ.App.—Eastland 1934, writ dism'd). Consequently, the court did not err in dismissing the action. Miller's first point of error is overruled.

Secondly, Miller contends, without the benefit of cited authority, that the court erred in dismissing her common law actions of fraud, breach of contract, and breach of warranty when she announced not ready to proceed on those actions. As earlier recited, the dismissal of these pleaded actions followed Miller's announcement of ready for trial, the selection of a jury, and her refusal to prosecute the actions after the court dismissed her DTPA action.

One of the fundamental powers possessed by a trial court is the power to dismiss a case when a litigant refuses to prosecute the case. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). The review of a dismissal for failure to prosecute invokes the inquiry whether the court abused its discretion. *Id.* When Miller refused to prosecute her alleged common law actions, the court could only dismiss the actions, *Burger v. Young*, 78 Tex. 656, 15 S.W. 107 (1890), and, accordingly, did not abuse its discretion in doing so. Miller's second point of error is overruled.

The judgment of dismissal is affirmed.