**Velma McCASKELL, Appellant,**

**v.**

**The METHODIST HOSPITAL, Appellee.**

**No. 01–91–01050–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1993.

Forrest Jackson, Houston, for appellant.

Thomas H. Wilson, Robert W. Horton, Vinson & Elkins, L.L.P., Houston, for appellee.

Before WILSON, SAM BASS and DUNN, JJ.

**OPINION**

WILSON, Justice.

The appellant, Velma McCaskell, appeals from the trial court's dismissal of her suit against the appellee, the Methodist Hospital ("Methodist"). We affirm.

## Fact Summary

On December 2, 1985, McCaskell filed suit against Methodist and Mary M. Edwards,[1] alleging misconduct arising out of the termination of her employment at the hospital. In her second amended petition, filed on November 28, 1990, McCaskell alleged she had been subjected to libel, slander, racial discrimination, invasion of privacy, breach of good faith and fair dealing, infliction of mental anguish, and wrongful discharge by Methodist. The trial court granted summary judgment in favor of Methodist on McCaskell's defamation and racial discrimination claims as stated in her first petition.

On February 22, 1991, Methodist filed special exceptions to McCaskell's second amended petition, which were set for submission to the trial court on March 4. McCaskell did not respond to the special exceptions. On April 10, the trial court sustained the exceptions, and ordered McCaskell to file an amended pleading in accordance with the special exceptions within 21 days of receipt of its order.

On May 21, 1991, Methodist filed a motion to strike McCaskell's pleadings and dismiss the case. On May 30, a month after the deadline, McCaskell filed her third amended petition.[2] On July 9, the trial court granted Methodist's motion to strike McCaskell's third amended petition and dismissed the suit. Specifically, the court found that McCaskell's amendments in her third amended petition did not overcome Methodist's special exceptions, and struck the objectionable paragraphs. The court further found that the remaining portions of the third amended petition did not state a cause of action and dismissed the lawsuit. McCaskell now brings this appeal.

### 1. McCaskell's arguments

McCaskell's appellate brief does not specify points of error, as required by TEX. R.APP.P. 74(d), but instead proceeds directly into multiple arguments. We understand McCaskell to complain that the trial court erred in sustaining the special exceptions, in striking the paragraphs that were not amended, and in dismissing her suit.

McCaskell further contends the trial court erred in sustaining Methodist's special exceptions because the special exceptions were vague. Many of the exceptions were vague. We will focus on one that was not. Methodist excepted to paragraphs 16, 27, 31, 34, 35, and the prayer of McCaskell's petition because they did not state specific *maximum* damages.[3] In each of those paragraphs, McCaskell pled for damages "in excess" of certain specified amounts: paragraph 16—$160,000; paragraph 27—$500,000; paragraph 31—$100,000; paragraph 34—$100,000; paragraph 35—$100,000; and the prayer—attorney fees "not less than" $160,000.

Under TEX.R.CIV.P. 47, Methodist was entitled to have the plaintiff state the maximum amount of damages she was seeking. *See Phillips v. Vinson Supply Co.*, 581 S.W.2d 789, 791 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Rule 47 provides that, "upon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed."

In her third amended petition, McCaskell did not replead in compliance with the order on the special exceptions. The allegations of damages in the third amended petition all asked for money damages "in excess" of certain amounts.

■ Once the trial court found that McCaskell had failed and refused to limit damages to a maximum amount, the trial court had the authority to strike the offending paragraphs. The offending paragraphs in the third amended petition were

1. Edwards is not a party to this appeal.

2. McCaskell filed a fourth amended petition on July 8, the same day the trial court heard Methodist's motion to strike and dismiss. The trial court's order addresses the third amended petition, and does not mention the fourth amended petition. We cannot determine from this record if the trial court was aware of the fourth amended petition.

3. Although Methodist also excepted to paragraph 44, that paragraph does not contain any statement of damages.

paragraphs 16, 28, 32, 35, 36, and the prayer for relief. Once the court struck all the paragraphs that related to damages, McCaskell was left with a petition that did not state a claim for damages. The trial court was then authorized to dismiss the suit.[4]

McCaskell cites *Geochem Laboratories, Inc. v. Brown & Ruth Laboratories, Inc.*, 689 S.W.2d 288, 288–89 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), as authority for her claim that the trial court erred in dismissing her case. In *Geochem,* the plaintiff amended its petition three times, and the defendants filed special exceptions after each of the three amendments. Following a hearing on the defendant's exceptions to the plaintiff's third amended petition, the trial court sustained the exceptions and dismissed the suit. *Geochem,* 689 S.W.2d at 289. This Court found the dismissal improper because the trial court did not give the plaintiff an opportunity to amend its petition again. *Id.* at 290.

In the present case, Methodist filed special exceptions to McCaskell's second amended petition. The trial court granted the special exceptions and gave McCaskell 21 days to amend her pleadings. McCaskell amended her pleadings one month after the deadline by filing her third amended petition. Although it was not required to do so, the trial court considered McCaskell's untimely third amended petition, found it did not cure the defects complained of in the seconded amended petition, and dismissed the law suit. Unlike *Geochem,* Methodist did not file additional special exceptions to McCaskell's third amended petition. McCaskell was provided with an opportunity to amend her second amended petition, and did in fact amend it, after the trial court sustained the sole special exceptions filed by Methodist. McCaskell cites no authority for the proposition that a pleader is entitled to unlimited op-

portunities to amend a petition after special exceptions are sustained.

McCaskell also contends the trial court erred in dismissing the suit after she filed a fourth amended petition. McCaskell did not file either her third or fourth amended petitions within the time limit required by the trial court's order. McCaskell does not contend that she did not receive notice of this order. A trial court has discretion to permit or deny late filings. *Jones v. Houston Materials Co.,* 477 S.W.2d 694, 696 (Tex.App.—Houston [14th Dist.] 1972, no writ). Nothing in this record shows that the trial court had notice of the fourth amended petition.[5]

We find the trial court did not abuse its discretion in dismissing McCaskell's suit.

## 2. Crosspoints

In two crosspoints, Methodist contends the appeal should be dismissed for want of jurisdiction because McCaskell did not timely file her bond or the record for this appeal.

■■■ The timely filing of bond is a jurisdictional prerequisite. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). An appeal bond in a civil case shall be filed with the clerk within 30 days after the judgment is signed, or within 90 days after the judgment is signed if a timely motion for new trial has been filed by any party. Tex.R.App.P. 41(a)(1). A motion to reinstate has the same effect on appellate deadlines as a motion for new trial. *Butts,* 705 S.W.2d at 698. The trial court signed the judgment on July 9, 1991. McCaskell filed a motion to reinstate on July 26, 1991. McCaskell filed her appeal bond on September 9, 1991, well within 90 days of the trial court's entry of judgment.

The transcript and statement of facts must be filed within 120 days of the signing of the judgment when a timely motion for new trial has been filed. Tex.R.App.P. 54(a). McCaskell filed the transcript on

---

4. We do not think it is reasonable for a litigant to expect the trial court to edit his pleadings for him.

5. We have reviewed McCaskell's fourth amended petition, even though we are not obligated to do so, and we found it did not cure the defects complained of in Methodist's special exceptions to McCaskell's second amended petition.

November 6, 1991. This date is within the statutory time period.

Methodist's crosspoints are overruled. The judgment of the trial court is affirmed.