In re Barbara Nell Taylor















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-027-CV

IN RE BARBARA NELL TAYLOR

 

 Original Proceeding
                                                                                                                

DISSENTING OPINION
                                                                                                                

      There are at least two possible determinations the trial court could have made that would
support the decision not to disqualify Terry’s chosen attorney. The trial court could have
determined that the representation of Barbara in connection with estate planning, including the
stockholder agreement, is not substantially related to the divorce. Also, the trial court could have
determined that Barbara waived her claim by failing to timely assert it.
      It was Barbara’s burden to establish the basis of her motion to compel the disqualification of
opposing counsel. Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex. 1990); NCNB
Texas Nat’l Bank v. Coker, 765 S.W.2d 398, 399 (Tex. 1989). We review the trial court’s
determination for an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992);
R.J. Gallagher Co. v. White, 709 S.W.2d 379, 381 (Tex. App.—Houston [14th Dist.] 1986); In
re Bahn, 13 S.W.3d 865, 872 (Tex. App.—Forth Worth 2000).
      To fully understand the trial court’s ruling it is important to review some of the events leading
up to the motion to disqualify. This litigation commenced with a copy of the petition being sent
to Barbara accompanied by a transmittal letter on Naman Howell Smith & Lee letterhead on
September 24, 2001. The parties immediately engaged in discovery. A reading of the
correspondence in the record would cause the reader to conclude that the relationship between the
attorneys quickly became acrimonious. By October 24, 2001, a dispute had arisen between the
attorneys regarding a trial setting. Barbara’s attorney responded to a letter from Terry’s attorney
with the following:
I do not adhere to trial by secretary. My secretary does not set my trial docket. My
secretary does not make agreements for trial dates; my secretary does not make any
agreements for any matter with opposing counsel or his/her staff....Letter writing on this
point is ridiculous...The only way I know to handle this sort of conduct with you and
your firm is to advise that no agreements in this case, and any other case with your
firm, will be made without a Rule 11 agreement. Further, my secretary will answer
no questions; she will only take messages.
      On the next day, Terry proposed a trial date in February 2002. On the bottom of this October
25, 2001 letter is a note which states: “Need to Receive Inventory-may Require Depo & must
Resolve Disqualification Issue.” The note is initialed by Barbara’s attorney but is not dated. The
parties continued to engage in discovery over the next month. Then on November 26, 2001,
Barbara’s counsel writes opposing counsel:
My client came to me this morning with documents prepared by your firm in March,
2000, along with correspondence from your firm dated in April, 2000. She recalled these
documents over the weekend and called this to my attention at the earliest appointment
this morning . . . The long and short of this is that my client feels uncomfortable with
your firm suing her when she was a former client. She has asked that I file a Motion to
Disqualify. As a courtesy to you, I have not filed that Motion yet and I ask that you
consider this point.

      Three days later, Terry’s attorney responded to the letter regarding disqualification. The
majority has characterized the letter as denying any prior representation of Barbara with respect
to the stockholder agreement. The letter denies only that the law firm had represented her in the
divorce and states that any work that was done for her was not in any way related to the divorce. 
The motion was filed the day after this response.
      With regard to the argument that Barbara waived her right to require disqualification, I cannot
conclude that the trial court abused its discretion by holding that Barbara waived her complaint. 
From the evidence discussed herein, it appears that Barbara was aware of the issue more than a
month before it was raised with opposing counsel during a period of active discovery and trial
preparation. Only when pushed for a trial setting was the motion filed. Under the facts and
circumstances of this case I cannot hold that the only proper conclusion that the trial court could
have reached was that there was no waiver.
      With regard to whether the prior representation is “substantially related” to the issues in the
divorce, the majority is dangerously close to a mandamus review of valuation methodology issues. 
Barbara argues there is no question that the stockholder agreement determines the value of the
stock for these divorce proceedings, even though it was drafted as an estate planning tool in
contemplation of death. She relies on Finn v. Finn, 658 S.W.2d 735, 741 (Tex. App.—Dallas [5th
Dist.] 1983, n.r.e.). If she is right, the stockholder agreement establishes the value of the stock
to be used in a just and right division of the community estate. If she is wrong, the value of the
stock will be determined in the usual manner of testimony by the owner and possibly experts. By
her argument in this mandamus proceeding, it appears she has conceded that the valuation process
of the stock is an open issue. Thus, the trial court had to decide whether the stockholder
agreement, prepared in connection with estate planning, substantially related to the divorce
proceeding, and in particular the just and right division of property. If the trial court makes its
decision regarding how the stock must be valued in the divorce, and that process does not involve
the stockholder agreement, the trial court would be correct in determining the representation in
connection with the stockholder agreement was not substantially related to the divorce proceeding. 
      But it is premature for us to inject ourselves into this issue. Barbara did not establish the
requisite level of interrelationship between the estate planning and the divorce proceeding in order
to establish that the trial court could have only determined that the matters were “substantially
related.” Accordingly, I cannot hold that the trial court abused its discretion, in refusing to find,
on the record that is properly before us, that the attorney representing Terry should be
disqualified.
      For the forgoing reasons, I respectfully dissent.
 
                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed February 27, 2002
Publish



 v. Methodist Hosp., 856 S.W.2d 519, 521 (Tex. App.—Houston [1st
Dist.] 1993, no writ); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 4-5 (Tex. App.—El Paso
1992, writ denied). 
      Because we do not have jurisdiction over this appeal, we grant WISD's motion and dismiss
this cause.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion granted, dismissed for want of jurisdiction
Opinion delivered and filed December 13, 1995
Publish