Opinion issued April 25, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01138-CV

____________


SHEILA PHILLIPS, Appellant


V.


SISTERS OF CHARITY OF THE INCARNATE WORD, HOUSTON, TEXAS,
Appellee






On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 1999-22864






O P I N I O N

 According to information provided by the parties and trial court clerk, this is
an appeal from a summary judgment signed on August 31, 2000. A motion for new
trial appears to have been timely filed on September 14, 2000. The notice of appeal
was filed on January 3 or 4, 2001. The trial court clerk did not forward the appeal to
this Court until November 27, 2001. The record was due on December 29, 2000. (1) 
No record has been filed in this appeal. No appellate filing fee has been filed. 

 On February 21, 2002, the Court issued an order, which was sent to appellant,
the attorneys who filed the notice of appeal on her behalf, and the attorney whom it
was believed may have been representing appellant on appeal. The order stated the
appeal would be dismissed for want of prosecution unless, within 15 days, appellant
paid the appellate filing fee of $125. The order also stated that, if the clerk's record
was not filed within 30 days, and the reason was appellant's failure to pay for the
clerk's record, the appeal would be subject to dismissal. 

 Finally, the February 21, 2002 order noted that the notice of appeal was
apparently filed on January 3 or 4, 2001, long after the deadline, Tex. R. App. P.
26.1(a), and long after the time for filing an extension pursuant to Tex. R. App. P.
26.3. This Court having no jurisdiction to consider an untimely appeal, see
McCaskell v. The Methodist Hosp., 856 S.W.2d 519 (Tex. App.-Houston [1st Dist.]
1993, no writ), the order stated that unless, within 30 days of the date of the order,
appellant demonstrated that the Court had jurisdiction of the appeal, the appeal would
be dismissed for want of jurisdiction.

 No clerk's record has been filed, and the trial court clerk advises that the reason
is the failure of appellant to pay for it. No response has been filed to the February 21,
2002 order.

 Accordingly, the appeal is dismissed for want of jurisdiction.PER CURIAM

Panel consists of Chief Justice Schneider and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.
1. The Court presumes that, because this is an appeal from a summary
judgment, there is no reporter's record.