Opinion issued November 16, 2006








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00012-CV




DIANE LUTTRELL BALDREE and JOANN DOUGLAS, Appellants

V.

WEST HOUSTON SUBARU, INC., Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2003-37343




MEMORANDUM OPINION
          Appellants, Diane Luttrell Baldree and Joann Douglas, appeal the trial court’s
dismissal of their lawsuit. The trial court sustained the special exceptions filed by
West Houston Subaru, Inc. (West Houston) that challenge the petition filed by
Baldree and Douglas on the ground that it fails to plead a maximum amount of
damages. The trial court ordered Baldree and Douglas to amend their petition. 
Baldree and Douglas amended their petition, but the trial court struck the amended
pleadings and dismissed the lawsuit. In their sole issue on appeal, Baldree and
Douglas assert that the trial court erred by striking their petition and dismissing their
lawsuit. Baldree and Douglas contend that their amended petition properly pleads the
maximum amount of damages sought, in compliance with the trial court’s order and
Rule 47 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 47. We conclude
that the trial court erred by dismissing the lawsuit filed by Baldree and Douglas
because the amended petition complied with the trial court’s special exceptions order. 
We therefore reverse the trial court’s order dismissing appellants’ case and remand
the cause.
Background
          On October 29, 2002, Baldree and Douglas complained to their employer, West
Houston, of sexual harassment in the workplace, and three days later, they were fired. 
Believing that they were fired in retaliation for their complaints of sexual harassment,
Baldree and Douglas sued West Houston under the Texas Commission on Human
Rights Act. See Tex. Lab. Code Ann. §§ 21.001–.556 (Vernon 2006).



          In their original petition, Baldree and Douglas sought “actual, consequential,
and compensatory damages” and “the imposition of exemplary damages.” West
Houston answered, generally denying the allegations of the lawsuit, asserting several
affirmative defenses, and specially excepting to Baldree and Douglas’s petition. West
Houston specially excepted “because plaintiffs failed to plead the maximum amount
of damages sought against West Houston.” West Houston requested that “the court
order plaintiffs to replead the maximum amount of damages they seek in this action”
pursuant to Rule 47 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 47. 
The trial court sustained the special exceptions, ordering Baldree and Douglas to
replead their petition “to specify the maximum amount of damages they are seeking
for actual or exemplary damages for each Plaintiff separately.” 
          Baldree and Douglas filed a First Amended Petition,


 followed by a Second
Amended Original Petition, that pleaded damages as follows:
At this time Plaintiffs plead a maximum amount of damages equal to the
jury verdict. Thus, if the jury verdict will be $1,000.00 Plaintiffs plead
a maximum amount of damages of $1,000.00. Likewise if the jury
verdict will be $100,000.00 Plaintiffs plead a maximum amount of
damages $100,000.00, and so on.

Baldree and Douglas also sought “the imposition of exemplary damages as allowed
by law.” West Houston filed an answer to the petition and specially excepted to the
Second Amended Original Petition by requesting that the trial court order Baldree and
Douglas “to replead the maximum amount of damages they seek in this action.” West
Houston subsequently filed a motion to strike the petition and motion to dismiss all
claims. West Houston asserted in these motions that the amended petitions filed by
Baldree and Douglas did not comply with the Rules of Civil Procedure or the trial
court’s order. 
          On October 4, 2004, Baldree and Douglas filed a “Third Amended Petition”
that stated as follows:
Plaintiffs are now suffering and will continue to suffer irreparable
injury, monetary, emotional, actual, consequential, and compensatory
damages as a result of Defendant’s wrongful actions unless and until
this court grants relief.
 
At this time each Plaintiff pleads separately a maximum amount
of damages for exemplary damages of $50,000.00.
 
Defendant’s actions toward the Plaintiffs were done maliciously
and willfully and therefore Plaintiffs request the imposition of
exemplary damages as allowed by law.
West Houston filed an answer to this amended petition, specially excepting, and again
requested that the trial court order Baldree and Douglas “to replead the maximum
amount of damages they seek in this action.”
          Baldree and Douglas responded to West Houston’s motion to dismiss by stating
that they “amended their original petition . . . and have tracked the specific and exact
language of the court’s order.” Baldree and Douglas also asserted that (1) “the
amount of compensatory damages and exemplary damages, if any, is to be assessed
by the jury and is not susceptible to any mathematical formula,” (2) the trial court’s
order was ambiguous because it asks for the amount for “actual or exemplary”
damages, (3) the trial court’s order was not disregarded, and (4) dismissal is an
inappropriate remedy because the pleadings fully comport with the trial court’s order
and the pleadings adequately assert a claim. West Houston replied to the response
filed by Baldree and Douglas, asserting that dismissal was appropriate due to the
failure of the petition to conform to the trial court’s order.
          The trial court granted West Houston’s motion to dismiss. Baldree and
Douglas filed a Motion for New Trial and Motion to Reinstate. After West Houston
filed a response, the trial court denied the motions. 
Special Exceptions and Amended Pleadings
          In their sole issue on appeal, Baldree and Douglas contend that the trial court
erred by dismissing their lawsuit because they “pled a maximum amount of damages
in compliance with both Rule 47 of the Texas Rules of Civil Procedure and the
district court’s September 22, 2003 Order.” Baldree and Douglas contend that
•The trial court erred by requiring that they “plead a maximum
amount of damages for separate elements of damages” and “for
each Plaintiff separately”;
 
          •        The trial court’s order was ambiguous concerning what was required of
them; and
 
          •        The trial court erred by dismissing their lawsuit because they should
have been granted a chance to amend before dismissal.

          We review the trial court’s dismissal of a case on special exceptions de novo. 
Alpert v. Crain, Caton & James, P.C., 178 S.W.3d 398, 405 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied). Rule 47 of the Texas Rules of Civil Procedure provides
that a pleading setting forth a claim for relief must contain,
(a)a short statement of the cause of action sufficient to give fair
notice of the claim involved;
 
(b)in all claims for unliquidated damages only the statement that the
damages sought are within the jurisdictional limits of the court;
and
 
(c)a demand for judgment for all the other relief to which the party
deems himself entitled.

Tex. R. Civ. P. 47. However, “upon special exception the court shall require the
pleader to amend so as to specify the maximum amount claimed.” Id. (last sentence
of Rule 47); see McCaskell v. Methodist Hosp., 856 S.W.2d 519, 520 (Tex.
App.—Houston [1st Dist.] 1993, no writ).
           The trial court’s order sustaining West Houston’s special exception requires
Baldree and Douglas to amend their petition “to specify the maximum amount of
damages they are seeking for actual or exemplary damages.” (Emphasis added). 
Baldree and Douglas allege in their amended petition that “each Plaintiff pleads
separately a maximum amount of damages for exemplary damages of $50,000.00.” 
We conclude that, although their pleading still does not state the maximum amount
of damage they seek, as Rule 47 requires, Baldree and Douglas have nonetheless
complied with the exact terms of the trial court’s order. By pleading a maximum
amount of exemplary damages for each Plaintiff, the third amended petition filed by
Baldree and Douglas conforms with the trial court’s order that required them to
specify the maximum amount of damages for “actual or exemplary damages.” 
Therefore, we hold that the trial court erred by dismissing the lawsuit filed by Baldree
and Douglas for failing to comply with the trial court’s special exceptions order. 
          We sustain Baldree and Douglas’s sole issue.



Conclusion
          We reverse the trial court’s order of dismissal and remand this cause to the trial
court for further proceedings not inconsistent with this opinion.

 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.