COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-207-CV

 

 

LASHUN RICHARDSON                                                         APPELLANT

 

                                                   V.

 

FOSTER & SEAR, L.L.P., ATTORNEYS AT
LAW                         APPELLEES

AND
SCOTT W. WERT

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant LaShun Richardson,
a pro se inmate, appeals from the trial court=s order dismissing his claims against Appellees Foster & Sear, L.L.P.
and Scott W. Wert (collectively, AFoster & Sear@) for failing to serve them with notice of suit under the Texas
Deceptive Trade Practices Act (ADTPA@).  We reverse and remand.

 








 

                                            Background

Richardson=s father, Willie Richardson, hired Foster & Sear to represent him
for a personal injury claim resulting from asbestos exposure.  Willie died before resolution of the
claim.  Richardson and his sisterCWillie=s only heirsCagreed to allow Foster & Sear to represent their interests as
Willie=s heirs in the asbestos litigation. 


Richardson sued Foster &
Sear on May 22, 2006, for Anegligence, professional negligence, breach of warranty, breach of
contract and gross negligence@ and DTPA violations.  He
alleged that Foster & Sear settled the asbestos claim without his approval
and withheld settlement proceeds from him. 

Foster & Sear filed an
original answer and verified plea in abatement, asserting that Richardson had
failed to serve presuit notice of his claim under the DTPA.  Foster & Sear later filed a motion to
abate, and the trial court abated the suit on August 22, 2006, Auntil written notice is tendered to Defendants in accordance with the
Texas Business and Commerce Code.@ 








On August 30, 2006,
Richardson served a one-page letter on Foster & Sear, stating that he would
Asubmit a claim of professional liability against you in reference to
the underlying asbestos litigation@ for Amisrepresentation
. . . and fraudulent misrepresentation . . . that has
formed the basis of my claim in connection with negligence . . . and
professional negligence.@  Richardson did not state an amount of actual
damages, but he stated that he sought exemplary damages of $1.5 million. 

Richardson filed a motion to
lift the abatement on November 15, 2006. 
The trial court denied his motion on February 20, 2007. 

On March 5, 2007, Richardson
served a second DTPA notice letter on Foster & Sear through their
attorney.  This second letter is six
pages long and alleges that Foster & Sear settled the underlying asbestos
claim with various defendants but failed to forward Richardson=s share of the settlement proceeds to him.  Richardson demanded a total of $500,000 to
settle the various claims asserted in the letter. 

On April 17, 2007, Foster
& Sear filed a motion to dismiss Richardson=s suit, arguing in a single sentence that Richardson=s March 5, 2007 letter did not meet the requirements of the DTPA.  The motion did not explain in what way the
letter was deficient or cite any authority other than the DTPA.  Richardson filed an Aobjection@ to the
motion to dismiss, asserting that his March 5 letter fulfilled the DTPA=s notice requirements. 








On May 22, 2007, the trial
court signed an order dismissing Richardson=s entire suit against Foster & Sear, including his non-DTPA causes
of action.  This appeal followed.  In a single issue, Richardson argues that the
trial court abused its discretion by dismissing his claims. 

Standard of Review

To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, we must
decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court would
in a similar circumstance does not demonstrate that an abuse of discretion has
occurred.  Id.

                               The DTPA=s Notice Requirement

Under DTPA section 17.505, a
plaintiff must give notice of a DTPA claim to a defendant sixty days before
filing suit:








As a
prerequisite to filing a suit seeking damages under Subdivision (1) of
Subsection (b) of Section 17.50 of this subchapter against any person, a
consumer shall give written notice to the person at least 60 days before filing
the suit advising the person in reasonable detail of the consumer=s
specific complaint and the amount of economic damages, damages for mental
anguish, and expenses, including attorneys= fees, if any, reasonably
incurred by the consumer in asserting the claim against the defendant. During
the 60‑day period a written request to inspect, in a reasonable manner
and at a reasonable time and place, the goods that are the subject of the
consumer=s
action or claim may be presented to the consumer.

 

Tex. Bus. & Com.
Code Ann. ' 17.505(a) (Vernon 2002). 
The purpose of the notice provision is to discourage litigation and
encourage settlement of consumer complaints. 
Hines v.Hash, 843 S.W.2d 464, 468 (Tex. 1992).    When
the supreme court decided Hines in 1992, the Legislature had not
specified a consequence for noncompliance with the DTPA=s notice requirement.  Id.  After analyzing the purpose of the
requirement and the consequences for noncompliance imposed by the lower courts,
the supreme court held that A[w]hen a plaintiff fails to comply with the requirement, abatement of
the action for the statutory notice period is more consistent with the purpose
of notice than dismissal.@  Id. at 468B69.

Three years later, the
Legislature amended the DTPA to conform the notice provision to the Hines
opinion and provide for abatement when a DTPA plaintiff fails to give presuit
notice.  See Act of Sept. 1, 1995,
74th Leg., R.S., ch. 414, ' 6, 1995 Tex. Gen. Laws 2993; Univ. of Tex. Med. Branch at
Galveston v. Barrett, 112 S.W.3d 815, 818 n. 20 (Tex. App.CHouston [14th Dist.] 2003) (recognizing purpose of amendment), aff=d, 159 S.W.3d 631 (Tex. 2005).  The current version of the statute continues
to specify that abatement is the appropriate remedy when a plaintiff fails to
provide presuit notice:








(d)
The court shall abate the suit if the court, after a hearing, finds that the
person is entitled to an abatement because notice was not provided as required
by this section. A suit is automatically abated without the order of the court
beginning on the 11th day after the date a plea in abatement is filed under
Subsection (c) if the plea in abatement:

 

(1) is verified and alleges that the person
against whom the suit is pending did not receive the written notice as required
by Subsection (a); and

 

(2) is not controverted by an affidavit filed by
the consumer before the 11th day after the date on which the plea in abatement
is filed.

 

(e)
An abatement under Subsection (d) continues until the 60th day after the date
that written notice is served in compliance with Subsection (a).

 

Tex. Bus. & Com.
Code Ann. ' 17.505(d),
(e).  Thus, when a plaintiff fails to
provide presuit notice under subsection (a), the trial court must abate the
suit until the plaintiff serves notice that complies with subsection (a).








Although the Legislature has
specified abatement as the remedy when a plaintiff fails to serve presuit
notice, it has not specified a consequence when a plaintiff fails to serve
notice, or serves an inadequate notice, while the suit is abated for that
purpose.  But the Hines opinion
does address this scenario, albeit in dicta: AIf a plaintiff fails to give notice while the action is abated for
that purpose, it should be dismissed.@  Hines, 843 S.W.2d at
469 (citing Miller v. Kossey, 802 S.W.2d 873, 876B77 (Tex. App.CAmarillo
1991, writ denied).  In Miller, a
DTPA plaintiff gave presuit notice under the applicable version of the DTPA,
but later conceded in open court that the notice was inadequate.  Miller, 802 S.W.2d at 874B75.  The trial court ordered the
plaintiff to serve a new notice within seven days of the order, but the
plaintiff did not serve a new notice until some six months later and on the eve
of trial.  Id. at 875.  The trial court found that the new notice was
untimely under the court=s prior
order and did not comply with the DTPA=s notice requirements, and it dismissed the plaintiff=s claims. Id. at 875B76.  The court of appeals held
that the trial court was authorized to dismiss the claims because the plaintiff
failed to comply with the court=s order.  Id. at
877.  Thus, although the DTPA does not
expressly provide for dismissal when a plaintiff fails to serve the defendant
with postsuit notice when the suit is abated for that purpose, dismissal is
appropriate in some circumstances.

                                   Richardson=s DTPA Claims








Richardson argues that the
trial court abused its discretion by dismissing his claims because his March 5,
2007 letter complied with section 17.505(a). 
In reply, Foster & Sear contend that because Richardson cites no
case law to support his argument that his letter gave adequate notice, Ahis only argument is >yes, I did!=@  We note that Foster & Sear
cite no authority in this court or the trial court to show that Richardson=s notice was inadequate; thus, in the spirit of fairness, we may
characterize their only argument as Ano, he didn=t!@

To elevate the discourse to
an appropriate legal level and determine whether Richardson=s notice was adequate, we look to the requirements expressly set forth
in section 17.505(a).  The requirements
establish a fairly low threshold for a notice letter.  A DTPA notice must advise the defendant in
reasonable detail of (1) the consumer=s specific complaint and (2) the amount of economic damages, damages
for mental anguish, and expenses, including attorneys= fees, if any, reasonably incurred by the consumer in asserting the
claim against the defendant.








Richardson=s March 5 letter, while not a model of clarity and eloquence, states
in enough detail for this courtCknowing nothing of his claims and allegations except what he asserted
in his letterCto grasp the
basis of his complaints against Foster & Sear, namely, that after agreeing
to represent his interests in whatever claims his deceased father had for
asbestos exposure, they settled those claims without his permission and refused
to divulge his share of the settlement proceeds.[1]  As for damages, Richardson specifically
states that he seeks $50,000 in settlement of his claim that Foster & Sear
deprived him of $89,800 in settlement proceeds and his associated mental
anguish.  He further states that $250,000
Awould be considered fair and reasonable@ compensation for his claims for Anegligence, professional negligence, . . .
misrepresentation, breach of warranty, breach of fiduciary duty, breach of
contract,@ and his
DTPA claims and associated mental anguish. 
He also asserts that Foster & Sear failed to advise him Aof the limitations on representation of the client, i.e., that
attorney=s undertaking the case did not extend to representing the client,
survivor, [and] beneficiary,@ for which Richardson seeks $200,000. 
He summarized his claims with a demand for A[a] total of $500,000 for all combined legal injuries sustained, that
constituted Deceptive Trade Practices.@ 

Thus, Richardson=s six-page letter set out the basis of his complaints against Foster
& Sear and the amount of economic and mental anguish damages he seeks as
required by section 17.505(a).  The
letter is sufficiently specific to allow Foster & Sear to determine whether
to settle with Richardson or undertake the cost and risk of litigation.  Thus, it states Richardson=s claims and damages Ain reasonable detail@ as required by section 17.505(a) and fulfils the purpose of the
notice requirement, to discourage litigation and encourage settlement of
consumer complaints.  See Hines,
843 S.W.2d at 468.








We hold that Richardson=s March 5 letter complied with the minimal requirements of section
17.505(a) by providing in reasonable detail his specific complaints and the
damages he sought sufficient to fulfil the purpose of the DTPA=s notice requirement.  We
therefore sustain his sole issue as it pertains to his DTPA causes of action.

                               Richardson=s Non-DTPA Claims

The trial court also
dismissed Richardson=s non-DTPA
claims, Anegligence, professional negligence, breach of warranty, breach of
contract and gross negligence.@  Even if we assume (contrary to
the record and our holding in the foregoing section) that Richardson provided
no notice or inadequate notice of his DTPA claims, Foster & Sear cite no
authority for the proposition that a trial court may dismiss non-DTPA claims
when a plaintiff fails to give adequate notice of his DTPA claims, and our own
research finds none.  








The most similar case is Miller,  802 S.W.2d at 877.  In Miller, when the trial court
dismissed the plaintiff=s DTPA
claims on the eve of trial because the plaintiff had not served adequate notice
of her DTPA claims as ordered, the plaintiff announced to the court that she
was not willing to go forward on her non-DTPA claims.  Id. at 875B76 .  The court of appeals
affirmed the dismissal of the non-DTPA claims, noting that A[o]ne of the fundamental powers possessed by a trial court is the
power to dismiss a case when a litigant refuses to prosecute the case.@  Id. at 877.

Nothing in the record before
us suggests that Richardson refused to prosecute his non-DTPA claims; thus, Miller
is distinguishable.  Finding no other
authority to support the trial court=s dismissal of Richardson=s non-DTPA claims, we hold that the trial court abused its discretion
by so doing, and we sustain Richardson=s issue as it pertains to his non-DTPA claims.

                                             Conclusion

Having sustained Richardson=s sole issue, we vacate the trial court=s order of dismissal and remand the case for further proceedings.  

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  June 5, 2008

 











[1]We
express no opinion as to the truth or validity of Richardson=s
claims or the soundness of the legal theories upon which he bases them; those
questions are not before the court.