Malcolm McGregor and Susan Larsen, Malcolm McGregor, Inc., El Paso, for petitioner.

Ralph E. Harris, El Paso, David C. Duggins and John F. Williams, Clark, Thomas, Winters & Newton, Austin, for respondent.

**CIELO DORADO DEVELOPMENT, INC., Petitioner,**

v.

**CERTAINTEED CORPORATION, Respondent.**

No. C–6522.

Supreme Court of Texas.

Jan. 20, 1988.

Rehearing Denied Feb. 24, 1988.

KILGARLIN, Justice.

This case involves the question of proper notice under the Deceptive Trade Practices–Consumer Protection Act. Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon 1987) (DTPA). The trial court rendered judgment for Cielo Dorado Development, Inc. against Certainteed Corporation based on Cielo Dorado's DTPA claims. The court of appeals reversed that judgment based on its conclusion that Cielo Dorado failed to prove proper notice under DTPA § 17.50A(a). 733 S.W.2d 247. (The DTPA's notice provision has recently been renumbered as § 17.505(a), eff. 9/1/87.) We reverse the judgment of the court of appeals and remand to that court for consideration of other points which it chose not to consider in its original opinion.

The facts of this case, briefly, are as follows: Certainteed sold pipe to Cielo Dorado for an irrigation system. The system failed and Cielo Dorado sued Certainteed and others. In its answer, Certainteed pleaded that Cielo Dorado failed to comply with the DTPA's notice requirement. At trial, Cielo Dorado's attorney testified, without objection, that notice had been given pursuant to the DTPA. After Cielo

Dorado rested, Certainteed moved for a directed verdict on the DTPA claims based in part on Cielo Dorado's alleged failure to give notice of claim as required by the DTPA. After denying Certainteed's motion, the trial court submitted Cielo Dorado's DTPA claims to the jury. No issue on notice was requested or submitted, and Certainteed did not object to the trial court's failure to submit such an issue.

Even if we assume arguendo that notice under DTPA § 17.50A was an element of Cielo Dorado's case, Cielo Dorado's attorney testified without objection that notice was given pursuant to the DTPA. In these circumstances, Tex.R.Civ.P. 279 requires that the issue of notice under the DTPA be deemed as found by the trial court in support of its judgment. Certainteed did plead noncompliance with DTPA § 17.50A, but even if proper DTPA notice was Cielo Dorado's issue, Certainteed still had to object to its non-submission under the clear language of Rule 279:

> Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party.

The testimony by Cielo Dorado's attorney was conclusory, but it came in without objection. We hold that constituted some evidence of proper notice under the DTPA. Again, *assuming* proper notice was Cielo Dorado's issue, Certainteed was required to object to its non-submission. Certainteed made no such objection, and there is some evidence to support a finding that notice was properly given under the DTPA. In these circumstances, Tex.R.Civ.P. 279 requires that the omitted issue of notice under the DTPA be deemed as found by the trial court in support of its judgment.

The judgment of the court of appeals is reversed, and this cause is remanded for consideration of other points which the court of appeals chose not to consider in its original opinion.

GONZALEZ, J., dissents, joined by PHILLIPS, C.J., and WALLACE, J.

GONZALEZ, Justice, dissenting.

I dissent. In my opinion, Cielo Dorado Development, Inc., failed to meet its burden of showing that the notice it gave satisfied the statutory requirements of § 17.50A(a) of the DTPA (now § 17.505(a)). Therefore, I would affirm the judgment of the court of appeals.

As a prerequisite to filing a suit under the Act, the consumer must give notice of its claim to the other side. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex. 1983). The requirements of that notice are set forth in Section 17.50A(a) as follows:

> As a prerequisite to filing a suit seeking damages ... against any person, a consumer shall give written notice to the person at least thirty days before filing the suit advising the person of the consumer's specific complaint and the amount of actual damages and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

The purpose of the notice requirement is to facilitate the settlement of consumer complaints. The recipient is given an opportunity to negotiate the claim and settle the dispute rather than expose itself to the additional damages and attorney's fees which will result if a lawsuit is successfully prosecuted. *Jim Walter Homes, Inc. v. Valencia,* 690 S.W.2d 239, 242 (Tex.1985). To fulfill this purpose, the demand letter must meet the requirements of section 17.-50A(a). The plaintiff must prove that notice: (1) which complied in all respects with Section 17.50A(a); (2) was sent to the defendant. Under the 1979 amendment to the Act, there is no question that this burden rests solely on the plaintiff once the issue of notice is joined. *See e.g., Silva v. Porowski,* 695 S.W.2d 766, 768 (Tex.App.— El Paso 1985, writ ref'd n.r.e.); *Barnard v. Mecon,* 650 S.W.2d 123, 127 (Tex.App.— Corpus Christi 1983, writ ref'd n.r.e.). The majority's apparent attempt to open this

question by the use of the word "assuming" is not supportable under the facts of this case or prior case law. In this suit, the issue of notice was clearly joined by Cielo Dorado's trial pleading alleging notice "in compliance with the Texas Deceptive Trade Practices Act" and Certainteed's first amended original answer denying compliance with Section 17.50A(a).

The plaintiff's burden requires elements of both fact and law. The plaintiff must establish as a matter of fact that notice was timely given, and must further establish as a matter of law that such notice was legally sufficient. The majority confuses these requirements, and in so doing reaches what in my opinion is the wrong result.

The sole evidence of notice given by Cielo Dorado's attorney, who testified at trial, was as follows:

> Ladies and gentlemen of the jury, on June 2, 1981, a demand letter was sent to Certainteed Products Corporation by Mr. Tom Gilstrap, who was the lawyer representing Cielo Dorado at that time. This letter was sent out pursuant to the Deceptive Trade Practices Act.

The demand letter was not offered into evidence, nor was any testimony presented about its contents. The testimony of Cielo Dorado's attorney did not constitute proof as to "the consumer's specific complaint and the amount of actual damages and expenses ... incurred" as required by section 17.50A. Rather, this testimony is merely a restatement of the issue required to be proven by that lawyer; it is a legal conclusion unsupported by any factual evidence of compliance. Even under the liberal interpretation which we have traditionally given to this statute, see e.g., *Singleton v. Pennington,* 606 S.W.2d 682 (Tex. 1980), the single word "pursuant" does not establish that all the requisites of section 17.50A(a) were met. In my opinion, Cielo Dorado has failed to satisfy the legal requirement of establishing the sufficiency of its notice.

Furthermore, the deemed finding rule cannot be invoked to save Cielo Dorado as the majority believes. While it is undisputed that a fact issue existed as to whether proper notice was sent and that this issue could be deemed found in support of the judgment, this is not the question before this court. The true inquiry before this court is whether the notice requirements of the DTPA were satisfied by Cielo Dorado. This is a question of law which cannot be deemed found in support of the judgment.

For these reasons, I would affirm the judgment of the court below remanding this case to the trial court for abatement.