**GENERAL ELECTRIC COMPANY,**
Relator,

v.

**The Honorable Homer SALINAS, Judge,**
**92nd District Court, Hidalgo County,**
**Texas, Respondent.**

No. 13–93–337–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 11, 1993.

---

Ruth Greenfield Malinas, William R. Crow, Jr., J. Michael Ezzell, Ball & Weed, San Antonio, Jose E. Garcia, Garcia & Ramirez, McAllen, for relator.

A.A. Munoz, II, John L. Tippit, III, Munoz, Hockema & Reed, McAllen, Robert L. Galligan, Jones, Galligan, Key & Pena, Weslaco, Roger W. Hughes, Gina M. Benavides, Adams & Graham, Harlingen, Joe Escobedo, Jr., McAllen, Rose Marie Guerra Reyna, Lewis & Pettitt, McAllen, for real parties in interest.

Before KENNEDY, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

KENNEDY, Justice.

General Electric Company (G.E.) has filed a motion for leave to file petition for writ of mandamus in which it requests this Court to direct Judge Salinas to vacate certain discovery orders: denying G.E. the right adequately to inspect and test tangible personal property; preventing any further discovery by G.E.; and granting a motion to compel G.E. to produce certain documents. We conditionally grant the writ of mandamus.

On June 15, 1992, the plaintiffs[1] filed suit against G.E. for personal injury and wrongful death resulting from a residential fire allegedly caused by defective Christmas tree lights marketed by G.E. Pursuant to a Sep-tember 1992 docket control order, trial was initially set for June 7, 1993, with an alternate setting of August 9, 1993.

Discovery proceeded in the case and disputes arose concerning both G.E.'s request for plaintiffs to produce certain materials for laboratory testing and the plaintiffs' request that G.E. produce documents reflecting consumer complaints about its Christmas tree lights. In addition, plaintiffs supplementally designated additional fact and expert witnesses within thirty days of the June 7th trial setting.

On June 4, 1993, G.E. moved for a continuance of the June 7, 1993, trial setting on various grounds,[2] including its need for additional discovery regarding the recently-revealed witnesses and for hearing and disposition of the disputes concerning production and discovery. On June 7th, G.E. thus announced that it was not ready to proceed to trial. The plaintiffs, however, urged that the case go to trial as scheduled that day. The trial court initially denied the motion for continuance, with the intention of proceeding to trial. However, due to unexpected delays, the trial court finally agreed to continue the case to the alternate setting of August 9th. In addition, the trial court also, *sua sponte* and without prior notice to the parties, indicated that discovery was frozen with regard to all parties[3] as of the June 7th trial setting.

Nevertheless, on June 17th, the trial court heard G.E.'s motion to produce the materials for testing, which it denied, and the plaintiffs' motion to compel production of documents concerning the Christmas tree lights, which it granted. By written order, signed on June 17, 1993, the trial court reset the trial for August 9, 1993, and specifically ordered that "discovery as to all parties, except J. Kinderman & Associates d/b/a Brite Star, is frozen from this date forward."

---

1. Maria Imelda Munguia, Individually, on Behalf of the Estate of Adalberto Munguia, and as Next Friend of Adalberto Jaime Munguia and Leonel Balderas, Jr., Minors; Adalberto Munguia, Sr., Maria N. Munguia, and The Rio Grande Children's Home.

2. G.E. also requested continuance on the ground that its lead counsel was then involved in a lengthy trial before the same court on another matter which would prevent the trial court from going to trial on the present case.

3. Except with regard to J. Kinderman & Sons, Inc., d/b/a Brite Star Manufacturing Co., which had been added as a defendant in June of 1993, as having designed, manufactured and marketed the Christmas lights along with G.E. Brite Star, however, is not a party to the present mandamus proceeding.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ In the present case, G.E. generally contends that the trial court erred in issuing its "freeze order" prohibiting any further discovery past the date of the initial trial setting. The freezing of discovery in this case is neither a sanctions order under Texas Rule of Civil Procedure 215, nor was it a docket control order entered pursuant to a discovery schedule established at a pretrial conference under Texas Rule of Civil Procedure 166(c), nor may it be characterized as a protective order under Texas Rule of Civil Procedure 166b(5). In short, we find no authority in the Rules for the trial court to arbitrarily, and without prior notice to the parties, freeze discovery in this manner. Although the trial court may properly limit and control discovery by a Rule 166 docket control order, by Rule 166b(5) protective orders, or, if justified, by Rule 215 sanctions, the power of the trial court to control or prohibit discovery is not absolute but must be exercised in accordance with the rules and with due regard for the rights and expectations of the parties regarding continued discovery. *See Loffland Brothers Co. v. Downey*, 822 S.W.2d 249, 251 (Tex.App.—Houston [1st Dist.] 1991, original proceeding). We hold that the trial court clearly abused its discretion in entering the present order arbitrarily freezing discovery at the time of the initial trial setting.

■ Under *Walker*, one situation in which a party does not have an adequate remedy by appeal, and mandamus is thus appropriate, is where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record, such that the reviewing court would be unable to evaluate the effect of the trial court's error. *Id.* at 843–44; *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556, 558 (Tex.1990). In the present case, the trial court's order freezing discovery similarly prevents the missing discovery from becoming a part of the appellate record, and thus mandamus is appropriate to correct the trial court's abuse of discretion in ordering discovery frozen.

■ In addition to the trial court's order freezing discovery generally, G.E. also complains of the trial court's denial of its motion to compel the plaintiffs to produce certain items for scientific testing under the provisions of Texas Rule of Civil Procedure 167.

Rule 167(1) provides for the requested production of documents and tangible things for inspection, sampling, testing, photographing and/or copying at a reasonable time and place and in a reasonable manner. Accordingly, G.E. requested production for scientific testing of several items retrieved from the scene of the fire, including the plug strip, extension cord, air conditioning unit, portable heater, and a sample of the carpet. Pursuant to its May 19, 1993, motion to produce these items, G.E. asserted that it needed these items for ten days, and included the affidavit of its expert, Dr. Terry Hockenberry, who stated that he could only perform the necessary tests on these items to determine the origin of the fire, in his laboratory in Pittsburgh, Pennsylvania.

At a June 17th hearing on the motion to produce, plaintiffs' attorney argued generally that they did not want fragile evidence transported to Pittsburgh when testing could be done here. In addition, plaintiffs argued that G.E. should not be allowed to do more discovery after the freeze order has been entered. The trial court denied G.E.'s motion to produce by order signed June 22, 1993.

■ Generally, the burden is on the party resisting a discovery request to plead and prove the basis of his objection to the requested discovery. *State v. Lowry*, 802 S.W.2d 669, 671 (Tex.1991); *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644, 648–49 (Tex.1985); *Collier Services Corp. v. Salinas*, 812 S.W.2d 372, 376 (Tex.App.—Corpus Christi 1991, original proceeding). Thus, the trial court abuses its discretion in preventing discovery when no evidence is presented substantiating an objection to such discovery. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); *Collier*, 812 S.W.2d at 377; *Caudillo v. Chiuminatto*, 741 S.W.2d 545, 546

(Tex.App.—Corpus Christi 1987, orig. proceeding). Moreover, remarks by an attorney during the course of the hearing are not evidence substantiating such an objection unless the attorney is actually testifying. *Collier*, 812 S.W.2d at 377; *see also Masinga v. Whittington*, 792 S.W.2d 940 (Tex.1990); *Sunrizon Homes, Inc. v. Fuller*, 747 S.W.2d 530, 533 (Tex.App.—San Antonio 1988, writ denied).

In the present case, plaintiffs thus failed to carry their burden of showing that the requested items should not be produced for testing by Dr. Hockenberry in Pittsburgh. Moreover, as we have already discussed, the trial court could not deny production based on the order arbitrarily freezing all discovery in the case. Therefore, we hold that the trial court abused its discretion in denying G.E.'s motion to produce the requested items.

■ Finally, G.E. complains that the trial court erroneously granted plaintiffs' motion compelling it to produce documents regarding consumer or dealer complaints about G.E.'s Christmas tree lights, and documents reflecting G.E.'s gross sales and profits on Christmas tree lights sold over the past three years. Plaintiffs first requested these documents by way of a subpoena duces tecum in connection with the deposition of G.E. representative Bill Pogue. G.E. objected to the production of certain of these documents, but produced others. The plaintiffs then moved to compel production.

Specifically, G.E. contracted out the production of its Christmas tree lights to numerous independent companies, each of which produced such lights according to its own design, but pursuant to specifications supplied by G.E. G.E. produced all documents related to lights produced by Korea Riken Electric Co. Ltd., the foreign manufacturer which made the lights that caused the present fire, but G.E. refused to produce documents concerning lights manufactured by other such companies on the ground that they are not relevant to the present litigation.

Plaintiffs argued that documents from other companies are relevant and reasonably calculated to lead to the discovery of admissible evidence because G.E. utilizes the same quality control procedures on all Christmas tree lights sold under its name. However, G.E. contends that, since its own quality control measures or specifications are not specifically attacked in the present action, the only defect alleged by the plaintiffs is in the specific manufacture and design by Korea Riken, regarding which evidence concerning lights manufactured by other companies would be irrelevant, and would cause undue burden, unnecessary expense and harassment.[4] In addition, G.E. contended that the gross sales and profits of other manufacturers is irrelevant. After the motion was heard and argued on June 17th, the trial court ordered G.E. to produce these documents.

■ As we have stated in connection with G.E.'s request for production, the burden is on the party resisting a discovery request to plead and prove the basis of his objection to the requested discovery. *Lowry*, 802 S.W.2d at 671; *Jordan*, 701 S.W.2d at 648–49; *Collier*, 812 S.W.2d at 376. This includes proving that the requested information is irrelevant. *Collier*, 812 S.W.2d at 376; *Valley Forge Ins. Co. v. Jones*, 733 S.W.2d 319, 321 (Tex.App.—Texarkana 1987, orig. proceeding). Moreover, anything reasonably calculated to lead to the discovery of material evidence is generally within the scope of proper discovery. *See Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984); *Collier*, 812 S.W.2d at 376; *McAllen State Bank v. Salinas*, 738 S.W.2d 381, 384 (Tex.App.—Corpus Christi 1987, orig. proceeding); *Gordon v. Blackmon*, 675 S.W.2d 790, 793 (Tex.App.—Corpus Christi 1984, orig. proceeding).

In the present case, we have reviewed the pleadings alleging generally that the lights were defectively designed, and we believe that consumer complaints which may have a bearing on the specifications which G.E. generally requires of its manufacturers and the quality control procedures by which G.E. generally tests the finished product are rea-

---

4. G.E. submitted the affidavit of its representative that it would require 387 man-hours in search and review of documents, at a cost of $19,428, to produce the requested documents.

sonably calculated to lead to the discovery of admissible evidence with regard to G.E.'s knowledge of defects in the design of lights manufactured by Korea Riken. Therefore, we hold that the trial court did not abuse its discretion in requiring their production.

However, as the plaintiffs have conceded before this court, their further request for production of documents concerning gross sales and profits would be unnecessarily duplicative and burdensome in view of the fact that G.E. has already produced annual reports to plaintiffs reflecting its net worth. *See Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558 (Tex.1992). Therefore, we hold that the trial court abused its discretion in requiring production of such documents and that G.E.'s claim of undue burden and harassment caused by the ordered production of such documents is reviewable by mandamus. *See Walker,* 827 S.W.2d at 843.

In conclusion, we hold that the trial court abused its discretion in ordering the discovery freeze, in denying G.E.'s motion to compel the plaintiffs to produce certain items for scientific testing, and in granting that portion of the plaintiffs' motion to compel production of documents reflecting gross sales and profits. Therefore, we conditionally grant the writ of mandamus. We are confident that the trial court will vacate his prior orders in accordance with this opinion, and the writ will issue only if the trial court fails to comply.