Myrna **FIRESTONE** individually and as trustee of the Russell Firestone III Trust and Russell Firestone III, Appellants,

v.

**CLAYCOMBE & KING** and Bruce Claycombe, Appellees.

No. 05–92–01738–CV.

Court of Appeals of Texas, Dallas.

March 31, 1994.

Rehearing Denied May 10, 1994.

Randall E. Hand, Dallas, for appellants.

728

Edwin E. Wright, III, Dallas, for appellees.

Before KINKEADE, MALONEY and BARBER, JJ.

## OPINION

MALONEY, Justice.

Myrna Firestone, Russell A. Firestone III and the Russell Firestone III Trust (collectively the Firestones) sued the law firm of Claycombe & King and Bruce Claycombe (collectively Claycombe) for legal malpractice. The Firestones appeal the trial court's order "freezing" discovery and subsequent refusal to allow them to supplement their discovery responses. Because the rules of civil procedure do not authorize this "freeze" order, we reverse.

## PROCEDURAL BACKGROUND

The trial court set this case for trial on March 11th. Its scheduling notice ordered the parties to complete discovery by February 9th. When the trial court called the case for trial, the Firestones announced not ready. The trial court orally denied the Firestones' previously filed motion for continuance.[1] The trial court rescheduled the case for trial and announced that "all pleadings and discovery ... are frozen" and "no party will be permitted to supplement or otherwise modify discovery that is already in place."

On March 20th, the court mailed counsel a new scheduling notice. It contained a May 20th trial date and an April 20th discovery completion date. The Firestones served supplemental discovery answers on Claycombe on April 9th.

1. Although the parties stipulated that the trial court called the case for trial on March 18th, the trial court actually heard the motion for continuance on March 20th. The discrepancy in these dates does not affect our opinion.

2. References to rules are to the Texas Rules of Civil Procedure unless otherwise noted.

3. See Dallas (Tex) Civ.Dist.Ct.Loc.R. 1.17(f).

4. Claycombe relies upon the following subsections of Texas Government Code § 21.001:

Claycombe moved for a protective order citing the trial court's March 18th "freeze order." The trial court granted the motion, ordered that the parties could not supplement discovery, and withdrew the March 20th scheduling notice "to the extent that it conflicts with the specific relief granted Defendants herein."

The parties submitted the case to the trial court on stipulations. The trial court entered findings of fact, conclusions of law, and judgment for Claycombe.

## SANCTIONS

In their first five points of error, the Firestones complain that the trial court "erred or abused its discretion" in ordering discovery "frozen." They argue that the trial court had no authority to "freeze" discovery.

Claycombe contends that the "freeze" was automatic and mandatory under rule 215(5)[2] because the Firestones did not show good cause for their failure to supplement. Claycombe also argues that the trial court could have ordered the "freeze" as a rule 215(2) sanction against a dilatory and recalcitrant plaintiff. The Firestones respond that rule 215(2) does not justify the "freeze" because: (1) they did not fail to comply with an order or request; (2) no party moved for sanctions; and (3) they were given neither notice nor the opportunity to be heard before the trial court imposed sanctions.

At oral argument, Claycombe conceded that this is not just a rule 215 case. However, Claycombe argued the trial court had authority to make the order under the local rules and its inherent power to control its docket. Specifically, Claycombe argues that the trial court's power to enforce its lawful orders under local rule 1.17(f)[3] and the Government Code's[4] legislative directive to dis-

(a) A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction.
(b) The court shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done.
Tex.Gov't Code Ann. § 21.001 (Vernon 1988).

pense justice in an orderly and expeditious manner mandate the trial court's ruling. Claycombe does not argue that the "freeze order" was a rule 166 discovery schedule.[5]

### 1. Standard of Review

A trial court has no "discretion" in determining what the law is or applying the law to the facts. The trial court abuses its discretion if it clearly fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding).

### 2. Rule 215(5)

 A party must supplement discovery answers "as soon as practical, but in no event less than thirty days before trial unless ... good cause exists...." *See* TEX.R.CIV.P. 166b(6). Rule 215(5) provides:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence ... or offer the testimony of an expert witness ... unless the trial court finds that good cause sufficient to require admission exists.

This rule authorizes the trial court only to exclude evidence from trial. It does not justify the trial court's "freezing" discovery.

### 3. Rule 215(2)

 A trial court may, after notice and hearing, disallow any further discovery under rule 215(2)(b)(1) when a party fails to comply with proper discovery. Rule 215(2) requires that the trial court give notice and conduct a hearing before it can impose sanctions. *First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 647 (Tex.App.—Dallas 1987, no writ); *Brighton Square Publishing, Inc. v. Nelson,* 795 S.W.2d 29, 31 (Tex.App.—Houston [1st Dist.] 1990, no writ). A trial court's *sua sponte* order imposing discovery sanctions is void. *Zep Mfg. Co. v. Anthony,* 752 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] 1988, no writ).

 The record shows that neither party moved for sanctions. The trial court "froze" discovery on its own motion. The record does not show that the Firestones received any notice that the trial court would consider sanctions against them for failure to comply with discovery. Rule 215(2) does not justify the trial court's "freezing" discovery.

### 4. Local Rules

 Claycombe relies upon the following language in local rule 1.17(f): "No continuance will be granted for purposes of discovery, except for good cause shown." Claycombe's argument ignores that the issue on appeal is the "freeze order"—not the grant or denial of the Firestones' motion for continuance. Neither party challenged the trial court's ruling on the motion for continuance. Local rule 1.17(f) does not justify the trial court's "freeze order."

We reach the same conclusion as our sister court when it recently reviewed a similar "freeze" order:

> The freezing of discovery in this case is neither a sanctions order under Texas Rule of Civil Procedure 215, nor was it a docket control order entered pursuant to a discovery schedule established at a pretrial conference under Texas Rule of Civil Procedure 166(c), nor may it be characterized as a protective order under Texas Rule of Civil Procedure 166b(5). In short, we find no authority in the Rules for the trial court to arbitrarily, and without prior notice to the parties, freeze discovery in this manner.

*General Elec. Co. v. Salinas,* 861 S.W.2d 20, 23 (Tex.App.—Corpus Christi 1993, orig. proceeding). We do not decide whether a trial court can never "freeze" discovery. We hold only that the trial court cannot arbitrarily "freeze" discovery. Because, in this case, the trial court did not correctly apply the law, it abused its discretion.

We sustain points of error numbers one through five. We reverse and remand for a new trial. Because of our disposition under points one through five, we need not address the Firestones' other points of error.

---

5. Perhaps Claycombe does not argue rule 166 because the protective order (based on the "freeze order") directly countermanded the trial court's last discovery completion date.