carlson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-515-CV





SUZANNE L. CARLSON AND TRAVELERS INDEMNITY COMPANY


OF RHODE ISLAND,



 APPELLANTS


vs.





WILLIAM P. TAYLOR, M.D.; AUSTIN BACK CLINIC; CAPITAL RADIOLOGY


ASSOCIATION; J. NEIL RUTLEDGE, M.D.; RICHARD D. TALLMAN, M.D.;


AND AUSTIN DIAGNOSTIC CLINIC,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 91-7655, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING



 





 Appellant Suzanne L. Carlson brought a medical malpractice action against Dr.
William P. Taylor, the Austin Back Clinic, Dr. Richard Tallman, the Austin Diagnostic Clinic
Association, Dr. J. Neil Rutledge, and the Capital Radiology Association, appellees. Appellant
Travelers Indemnity Company of Rhode Island ("Travelers") intervened in the cause as the
workers' compensation insurance carrier for Carlson's employer. The trial court struck Carlson's
expert witnesses and granted summary judgment for appellees. Carlson appeals with seven points
of error, challenging the exclusion of her expert witnesses and the subsequent summary judgment. 
Travelers appeals with three points of error, challenging the finality of the judgment and the
court's preclusion of its subrogation claim. We will reverse the trial court's judgment.



BACKGROUND


 Carlson sued appellees for failing to properly diagnose and treat a separated spinal
fusion. Travelers intervened to assert its subrogation rights as the workers' compensation carrier
for Carlson's employer. Four of the six appellees filed interrogatories, requesting Carlson to
designate her expert witnesses and provide the subject matter on which each expert was expected
to testify as well as their mental impressions and opinions. Carlson's response was the same for
each interrogatory:



Unknown at this time but will probably include defendants, medical and hospital
personnel, subsequent treating doctors, doctors listed herein, myself and my
family, and others who are not known at this time but will be identified when
known. These people will be expected to testify on facts within their knowledge,
on duty, breach, negligence, causation and damages. (1)



Carlson did not supplement her response. Trial was set for July 13, 1993. On July 8, Tallman
and Austin Diagnostic Clinic filed a motion to strike Carlson's expert witnesses for Carlson's
failure to properly respond to and supplement discovery pursuant to Texas Rule of Civil
Procedure 215(5). Taylor and Austin Back Clinic adopted the motion to strike the day before
trial.

 On the day of trial, the court held a hearing on appellees' motion to strike Carlson's
experts. Carlson's counsel argued that Carlson's response designated the three defendant doctors
as experts, that counsel had deposed the defendants, and that counsel expected to call the doctors
to the witness stand at the time of trial. The court granted the motion to strike, and then
indefinitely postponed the trial, dismissed the jury, and froze all discovery. The parties agreed
that appellees would file motions for summary judgment no later than July 19, requiring Carlson's
response on July 28. On August 3, 1993, the court signed a written order granting the motion
to strike and granting summary judgment for appellees in four separate orders.



DISCUSSION


 We first address the finality of the judgment. In its first point of error, Travelers
argues that this Court is without jurisdiction to hear the appeal because the summary judgment did
not dispose of Travelers' claims. We disagree. All appellees filed motions for summary
judgment. The trial court granted these motions in four separate orders. The order granting
Tallman and Austin Diagnostic Clinic's motion includes a Mother Hubbard clause, which states
that "all other relief requested and not expressly granted herein is denied." We therefore must
treat the judgment as final for purposes of appeal. See Mafrige v. Ross, 866 S.W.2d 590, 592
(Tex. 1993). We overrule Travelers' first point of error.

 We next determine whether the trial court abused its discretion in granting
appellees' motions to strike Carlson's expert witnesses and indefinitely postponing trial. In her
first point of error, Carlson asserts that the trial court erred by issuing a "sudden death" order
granting appellees' motion to strike Carlson's experts as a discovery sanction without first
considering and attempting to utilize less severe available sanctions. See Chrysler Corp. v.
Blackmon, 841 S.W.2d 844 (Tex. 1992); Transamerican Natural Gas v. Powell, 811 S.W.2d 913
(Tex. 1991). Appellees respond that Carlson's failure to designate violated Texas Rule of Civil
Procedure 215(5), which is mandatory, and that the rule's sole sanction of excluding evidence
automatically applies absent a showing of good cause. See Tex. R. Civ. P. 215(5); Alvarado v.
Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992).

 Carlson was obligated to designate any expert witnesses she expected to call and
to disclose the substance of their testimony as soon as practicable but, in any event, not less than
thirty days before trial. Tex. R. Civ. P. 166b(6)(b); Aluminum Co. of Am. v. Bullock, 870
S.W.2d 2 (Tex. 1994). While we believe that Carlson's interrogatory responses put appellees on
notice that she might call them as expert witnesses, Carlson failed to supplement her response to
include the substance of their testimony in violation of Rule 166b. Because she failed to respond
to or supplement her response to appellees' discovery request, Rule 215(5) mandates that she not
be allowed to offer the testimony of the expert witnesses "unless the trial court finds that good
cause sufficient to require admission exists." Tex. R. Civ. P. 215(5). If the trial court concluded
that no good cause for failure to supplement existed, the court had two options. The court could
grant the motion under Rule 215(5), go to trial, exclude the expert witnesses, allow Carlson to
object and make an offer of proof, and then grant a directed verdict for appellees. Alternatively,
the court could postpone trial under Rule 215(3) (2), allowing compliance with discovery but
imposing an appropriate sanction upon the offending party for abusing the discovery process. See
Alvarado, 830 S.W.2d at 915-16 & n.5.

 In this case, the trial court improperly attempted a combination of the two mutually
exclusive options. It granted the motion to strike Carlson's expert witnesses, but it also
indefinitely postponed trial to allow appellees to file motions for summary judgment. (3) The court
had no authority to order such a course of action. The automatic exclusion of experts from trial
provided by Rule 215(5) does not continue indefinitely, and a party is entitled to amend its
answers to interrogatories when a trial is reset more than thirty days hence. See H.B. Zachry Co.
v. Gonzalez, 847 S.W.2d 246, 246 (Tex. 1993) (granting writ of mandamus where relator sought
to set aside a Rule 215(5) sanction when the trial date had been postponed for more than thirty
days). For the witness exclusionary ruling to remain in effect for more than thirty days, the trial
court's ruling must be based on some other sanctionable conduct of the party. Id. The record in
this case demonstrates that the failure to properly designate expert witnesses and the substance of
their testimony within thirty days of trial was the only basis for the exclusion. (4) Therefore, when
the trial court indefinitely postponed trial in order to allow for summary judgment motions, the
basis for the automatic exclusion under Rule 215(5) did not survive. Once the automatic exclusion
under Rule 215(5) was extinguished by postponement of the trial, there was no longer a basis for
excluding the expert testimony. We therefore sustain Carlson's first point of error.

 In light of our holding that the trial court erred in striking Carlson's expert
witnesses, we must now determine whether the trial court erred in granting the appellees' motions
for summary judgment. Carlson asserts in her sixth point of error that the trial court erred in
granting appellees' motions for summary judgment because the appellees' summary judgment
proof failed to establish that no genuine issue of material fact exists. In her fifth point of error,
Carlson claims that the trial court erred in granting appellees' motions for summary judgment
because her responses demonstrate the existence of genuine issues of material fact. The
standards for reviewing a motion for summary judgment are well established:



(1) The movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law.


(2) In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as
true.


(3) Every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The question on
appeal is not whether the summary judgment proof raises a fact issue, but whether the summary
judgment proof establishes as a matter of law that no genuine issues of material fact exist as to one
or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970). "A defendant is entitled to summary judgment if he
establishes, as a matter of law, that at least one element of the plaintiff's cause of action does not
exist." Garza v. Levin, 769 S.W.2d 644, 645 (Tex. App.--Corpus Christi 1989, writ denied). The
elements of a medical malpractice claim include: (1) a duty requiring the doctor to act according
to a certain standard of care; (2) a breach of that standard of care; (3) injury or harm to the
plaintiff; and (4) a causal connection between the breach of the standard of care and the injury or
harm. Id. The appellees claim that the summary judgment proof in this case negates two requisite
elements of Carlson's medical malpractice case--breach of duty and proximate cause.

 Appellees' summary judgment proof consists of the affidavits of Dr. Tipton, Dr.
Tallman, and Dr. Rutledge, which Carlson argues are conclusory and fail to state the appropriate
standard of care. A defendant physician may rely on his or her own affidavit to support a
summary judgment motion made in a medical malpractice case. Knapp v. Eppright, 783 S.W.2d
293, 295 (Tex. App.--Houston [14th Dist.] 1989, no writ). The affidavit must establish that the
movant has a right to summary judgment on the issues presented. Id. Thus, the affiant must
state: (1) the standard of care; (2) that the standard would be used by other reasonably prudent
physicians in similar circumstances; and (3) that the physician in the present case met that standard
of care. The affidavits offered by the appellees meet this standard and thus represent competent
summary judgment proof. Because appellees met their burden of negating an element of Carlson's
cause of action, we overrule Carlson's sixth point of error.

 Once the movant has negated an essential element of the cause of action, the burden
shifts to the nonmovant to produce controverting evidence as to the negated element. Id. In a
medical malpractice case, the plaintiff must prove by expert testimony that the defendant's
negligence proximately caused the injury. Duff v. Yelin, 751 S.W.2d 175, 176 (Tex. 1988); Hart
v. Van Zandt, 399 S.W.2d 791, 792 (Tex 1965). The controverting evidence need not be such
that the plaintiff could sustain its burden of persuasion at trial:



[T]he controverting summary judgment evidence introduced by the non-movant
need only be sufficient to raise an issue of fact with respect to the element or
elements negated by the movant's summary judgment evidence; it need not be
sufficient to meet the burden of persuasion that the non-movant plaintiff would
have at trial.



Cloys v. Turbin, 608 S.W.2d 697, 700 (Tex. Civ. App.--Dallas 1980, no writ). Carlson's
responses to the appellees' motions for summary judgment incorporated portions of the deposition
testimony of Doctors Taylor, Tallman, and Rutledge, which Carlson contends raised fact issues
rendering summary judgment improper. (5) The appellees argue that because the trial court granted
their motion to strike Carlson's expert witnesses, Carlson was effectively left with no
controverting evidence raising an issue of fact as to these elements.

 The trial court acted improperly when it postponed trial, excluded Carlson's expert
witnesses, and froze discovery. These improper acts deprived Carlson of the opportunity to
supplement her interrogatories and prepare supporting affidavits, which might have enabled her
to produce controverting evidence raising a fact issue as to the elements negated. Upon the
indefinite postponement of a trial setting, the automatic exclusion of witnesses under Rule 215(5)
is extinguished, and the party must be permitted an opportunity to supplement its answers in
accordance with the rules governing discovery in a civil suit. H.B. Zachry, 847 S.W.2d at 246-47; Texas Tech Univ. Health Sciences Ctr. v. Apodaca, 876 S.W.2d 402, 409-10 (Tex. App.--El
Paso 1994, no writ h.). Rule 215(5) sets out the appropriate sanction for failure to respond to or
supplement a discovery request. "This rule authorizes the trial court only to exclude evidence
from trial. It does not justify the trial court's `freezing' discovery." Firestone v. Claycombe &
King, 875 S.W.2d 727 (Tex. App.--Dallas 1994, no writ h.). (6) Furthermore, the duty to
supplement answers to interrogatory questions about the identity of expert witnesses does not
apply to a summary judgment proceeding. Gandara v. Novasad, 752 S.W.2d 740, 742-43 (Tex.
App.--Corpus Christi 1988, no writ). Rule 166a(c) requires that the summary judgment motion
and supporting affidavits be filed and served at least twenty-one days before the hearing. Tex.
R. Civ. P. 166a(c). "[I]t is not necessary that one supplement the answers to interrogatories in
order for affidavits of previously undisclosed witnesses to be used [at the summary judgment
hearing]." Id. By excluding Carlson's expert witnesses and freezing discovery, the trial court
denied Carlson the ability to prepare supporting affidavits prior to the summary judgment hearing.

 Because the Texas Rules of Civil Procedure do not authorize a discovery freeze
under the facts of this case, we conclude that the trial court abused its discretion. This abuse of
discretion deprived Carlson of the ability to produce controverting evidence raising a fact issue
as to an element negated by appellees' summary judgment evidence. This conclusion is consistent
with the standard for reviewing summary judgment motions, which requires that "[e]very
reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its
favor." Nixon, 690 S.W.2d at 549. We therefore sustain Carlson's point of error number five.

 We reverse the trial court's judgment and remand the cause for a new trial. 
Because of our disposition under the first, fifth, and sixth points of error, we need not address
Carlson's other points of error. We overrule Travelers' first point of error, but need not address
Travelers' other points of error because of our disposition under Carlson's first and fifth points
of error.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: December 21, 1994

Do Not Publish

1.   In response to Rutledge's interrogatory, Carlson added that the experts' expertise
"will probably be medicine."
2. Rule 215(3) provides:


 If the court finds a party is abusing the discovery process in
seeking, making or resisting discovery or if the court finds that
any interrogatory or request for inspection or production is
unreasonably frivolous, oppressive, or harassing, or that a
response or answer is unreasonably frivolous or made for
purposes of delay, then the court in which the action is pending
may, after notice and hearing, impose any appropriate sanction .
. . .


Tex. R. Civ. P. 215(3) (emphasis added).
3.   We assume that the reason the trial court postponed the trial was to comply with the
notice requirements of Rule 166a, which requires a motion for summary judgment to be
filed and served at least 21 days before the time specified for hearing. Tex. R. Civ. P.
166a(c). 
4.   Appellees had not filed any motions to compel, and they do not contend that Carlson
violated any discovery scheduling order.
5.   We note that the appellees' motions for summary judgment had been denied twice
before by different district judges.
6.   The court qualified its holding and explained that they did not address the issue of
whether a trial court could ever freeze discovery: "We hold only that the trial court
cannot arbitrarily `freeze' discovery." Firestone, 875 S.W.2d at 729. The court concluded
that a


trial court may, after notice and hearing, disallow any further discovery under
rule 215(2)(b)(1) when a party fails to comply with proper discovery. Rule
215(2) requires that the trial court give notice and conduct a hearing before it can
impose sanctions. . . . A trial court's sua sponte order imposing discovery
sanctions is void. 


Id. (emphasis in original) (citations omitted). The record in the present case does not indicate
that Carlson received any notice that the trial court would consider sanctions against her for
failure to comply with discovery. Rather, the trial court arbitrarily froze discovery on its own
motion upon suggestion of appellees' counsel.