Motion for Rehearing Overruled















Motion for Rehearing
Overruled.  Supplemental Opinion filed November
 13, 2003.                                                    

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00406-CV

____________

 

TRACTEBEL ENERGY MARKETING, INC. AND TRACTEBEL POWER, INC., Appellants

 

V.

 

E.I. DU PONT DE NEMOURS AND COMPANY, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 157th District
Court

                                                           Harris County, Texas                       

Trial Court Cause No. 99-32175




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



S U P P L E M E N T A L   O P I N I O N

O N   M O T I O N 
 F O R   R E H E A R I N G

            In its motion for rehearing, DuPont argues we erred in our opinion in stating that both
parties objected to the omission of a basic-assumption instruction from the
impracticability question submitted to the jury.  In fact, DuPont
(whose defensive issue this was) objected to the question for omitting the basic-assumption
instruction, and also sought a lower standard on foreseeability;[1] Tractebel objected to the question for no pleadings, no
evidence, and omission of an assigned-risk instruction.[2]  Believing this requires neither a change in
our analysis nor judgment, we overrule DuPont’s
motion for rehearing, and issue the following supplemental opinion.

            Although Tractebel
couched its objection in terms of “implicit assignment of risk” rather than
“basic assumption,” the two address the same issue.  Many impracticability cases (including this
one) address the problem arising in sales contracts when the seller’s
anticipated source of supply fails.  As
discussed in our opinion, if there was a basic assumption that only a
particular source would be used, then the contract implicitly assigned the risk
of failure of that source to the buyer (that is, there is no sale); conversely,
if the parties shared no basic assumption about the source, then the risk was
implicitly assigned to the seller (that is, the seller must perform using
another source).[3]  Whether the jury question is stated in terms
of basic assumptions or implicit assignments of risk, both address the same
issue—what the parties are deemed to have intended when a source of supply
fails.

            According to the Restatement, a
judgment about the parties’ basic assumptions is made by deciding to whom they
implicitly assigned the risk:

Determining whether the
non-occurrence of a particular event was or was not a basic assumption involves
a judgment as to which party assumed the risk of its occurrence.[4]  

Thus,
when DuPont asked for a basic-assumption instruction
and Tractebel asked for an assigned-risk instruction,
they were both asking for the same thing.

            Both parties requested limiting instructions
on impracticability, and both pointed out the same omitted fact issue—whether
the contract contemplated sale of only DuPont’s
credits or any others.  Both would have
barred impracticability as a defense if the contract contemplated the latter.[5]  By refusing both instructions and submitting
the charge without either an assigned-risk or basic-assumption instruction, the
jury was allowed to find performance impracticable in either case.  We hold both objections were sufficiently
specific to make the trial court aware of the complaint.[6]  

            In its response on rehearing, Tractebel argues our no-evidence review should be the same regardless
of whether there was a proper objection. 
Generally, if no objection is made to the charge, legal sufficiency is measured
against the charge actually given when the charge is “defective,”[7]
but against the charge that should have been given when it is “incomplete.”[8]  Although “defective” charges are said to be
those in which the court must resolve a legal issue before the jury can find
the facts,[9] and
“incomplete” charges are those in which an element of a claim or defense has
been omitted,[10] the line
is not an altogether clear one.  Because
both parties raised a proper objection here, we need not decide into which
category this charge falls.

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Motion for
Rehearing Overruled.  Judgment rendered
and Supplemental Opinion filed November
 13, 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Frost.











[1]
The trial court refused to submit the following impracticability instructions
proposed by DuPont:

 

Question No.
2:  Was DuPont
justified in not complying with the contract?

 

In determining whether DuPont was justified in
not complying with the contract you may consider the following:

 

Failure to comply is justified if DuPont’s
performance was impracticable.

 

Where a party’s performance is made impracticable by an event that was
not expected to occur and the non-occurrence of the event was a basic
assumption on which the contract was made, duty to render the performance under
the contract is discharged. . . .

 

Question No. 4:  Was DuPont’s
repudiation of the agreement excused?  

 

In
determining whether DuPont’s repudiation was excused
you may consider the following: 

. . .

 

B.   
DuPont’s repudiation is
excused if:

1.      
Performing the agreement was made impracticable by an
event that was not expected to occur; and

2.      
The non-occurrence of the event was a basic assumption
on which DuPont made the agreement.

Performance may
be impracticable because extreme and unreasonable difficulty, expense, injury,
or loss to one of the parties will be involved. 
Increased cost alone does not excuse performance of an agreement unless
the rise in cost is due to some unforeseen contingency which alters the
essential nature of the performance of the agreement. . . .  [Citations to Centex and Restatement § 261 omitted.]

 





[2] The court refused to submit the
following impracticability instructions proposed by Tractebel:

(1)               
“A party is not excused from performance due to
commercial impracticability where the facts or circumstances show that the
parties expressly or implicitly assigned the risk of supervening commercial
impracticability to the party seeking to be excused from performance.”

 

(2)                
“In the absence of evidence to the contrary, it is
presumed that DuPont agreed to bear any loss
occasioned by an event which was foreseeable at the time the agreement was
made.”

 

(3)               
“Impracticability occurs when: (1) the cost of
performing the agreement has become totally impracticable because of an
occurrence that was beyond the control of the parties; and (2) the parties
could not reasonably foresee the occurrence when they made the agreement.”

 





[3] See text accompanying notes 18 through
34.

 





[4] Restatement (Second) of Contracts ch. 11, introductory note, p. 311 (1981).

 





[5]
That is, if the contract contemplated credits from any source, then (1) the existence
of DuPont’s credits was not a basic assumption, and
thus performance was not impracticable, or (2) the parties implicitly assigned
the risk of cancellation of the credits to DuPont,
and thus performance was not impracticable.

 





[6] See Tex.
R. App. P. 31.1(a)(1)(A).

 





[7] See St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 530 (Tex.
2003).

 





[8] See Tex.
R. Civ. P. 279 (providing omission of element of claim or defense from
charge without objection results in deemed finding in support of judgment if
factually sufficient evidence supports it); Roark
v. Allen, 633 S.W.2d 804, 809 (Tex. 1982) (reversing plaintiff’s
malpractice verdict even though defendant did not object to omission of relevant
negligence question, as deemed finding was not supported by evidence).  In Gulf
States Utilities Co. v. Low, the Court referred to Rule 279 as governing
“incomplete” charges.  79 S.W.3d 561, 565
(Tex. 2002).  Although the Court said the rule “provides for
deemed findings only as a basis for affirming the trial court’s judgment . . .
[it] provides no basis to reverse for an omitted finding,” the issue in that
case was whether a plaintiff could rely on a deemed finding to get a judgment
larger than the trial court rendered.  Id. at 565–66.

 





[9] Osterberg v. Peca, 12
S.W.3d 31, 55 (Tex. 2000); see, e.g.,
Wolff, 94 S.W.3d at 529 (considering
definition of joint enterprise that did not tie proof of elements to specific
enterprise upon which liability was based); Osterberg, 12 S.W.3d at 55
(considering question that did not include substantial compliance as means of
meeting Election Code requirements); Allen
v. Am. Nat’l Ins. Co., 380 S.W.2d 604, 608 (Tex. 1964) (considering
question that allowed jury to find misrepresentation if insured “should have
known” of falsity).

 





[10] See, e.g., In re J.F.C., 96 S.W.3d 256,
263 (Tex. 2002) (considering charge that omitted child’s best interest as
element of termination of parental rights); Am.
Nat’l Petroleum Co. v. Transcon. Gas Pipe Line Corp.,
798 S.W.2d 274, 278 (Tex. 1990) (considering charge that included contract
damages but not damages from related tort); Cielo Dorado Dev., Inc. v. Certainteed Corp.,
744 S.W.2d 10, 11 (Tex. 1988) (considering charge that omitted element of
notice of DTPA claim).