cv5-018.otte 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00018-CV







Eloise Otte, James L. Otte and Carl Clayton Otte, Appellants



v.



Shuffield Rest Home, Inc. and Jim Shuffield, d/b/a


Shuffield III Nursing Home and Convalescent Center, Appellees






FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL DISTRICT


NO. 131-93, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING







PER CURIAM


 Eloise Otte, James L. Otte, and Carl Clayton Otte appeal from the grant of a
summary judgment favoring Shuffield Rest Home, Inc. and Jim Shuffield, d/b/a Shuffield III
Nursing Home and Convalescent Center (collectively, "the Home"). The judgment dismissed with
prejudice the Ottes' wrongful death and survival claims against the Home resulting from the death
of Arthur Lee Otte, Eloise's husband and James and Carl's father. We will reverse the judgment
and remand the case for further proceedings.

 Arthur Otte lived at the Home for several months before his death on June 24,
1991. He suffered from a number of ailments including chronic obstructive pulmonary disease. 
He was admitted to the hospital on June 23, 1991 for complaints of respiratory distress including
pneumonia. The next afternoon, his heirs (the appellants here) had him dismissed from the
hospital against medical advice; they said they wished to employ no heroic measures to save his
life. He returned to the Home and died later that day.

 Mrs. Otte claimed that several employees at the Home told her that he had been
given several baths as part of a training exercise for new attendants. She said that she was told
that he was chosen as a subject because he was docile and "couldn't fight back." She said that
these baths occurred only a few days before he fell ill.

 Believing that these numerous baths caused Mr. Otte's final illness, Mrs. Otte and
her children filed this suit. They alleged negligence and gross negligence by the Home.

 The Home moved for summary judgment, contending that the Ottes could not prove
negligence or proximate cause. The Home relied entirely on the deposition testimony of Dr. S.
Merlin McAnelly, Mr. Otte's treating physician.

 The Ottes responded with segments of Mrs. Otte's deposition testimony and the
affidavit of non-treating nurse Frances Scholl as an expert. Mrs. Otte testified about how she
learned of the baths. Nurse Scholl averred that such baths would be stressful to a person in Mr.
Otte's condition; she opined that the baths and other treatment fell below the standard of
acceptable medical care and treatment. The response also refers to segments of Dr. McAnelly's
deposition in which he admitted that he did not see Mr. Otte in June before his final illness,
confirmed that Mrs. Otte reported the extra baths, and stated that such bathing would be
uncomfortable, stressful, tiring, and fatiguing to Mr. Otte.

 The Ottes also moved to compel production of the records pertaining to the patient,
the names of Home employees during June 1991, and the certification training records for June
1991 to determine when the baths occurred. The Ottes had requested production of all records
that relate to any training at the home during June 1991 and inquired about the names, addresses,
and telephone numbers of all employees during June 1991. The Home objected, contending that
the request was overbroad, unclear, non-specific, vague, ambiguous, unduly burdensome, a
fishing expedition, and beyond the scope of permissible discovery. In response to interrogatories,
the Home had stated that, though a training cycle occurred in June 1991, Mr. Otte was not
involved in any training. The Home opposed the motion to compel, contending that its previous
responses were appropriate. 

 The court ordered the Home to disclose the following and denied the balance of the
motion to compel: 



(a) . . . the date on which the alleged three baths allegedly given to Mr. Otte on
one day occurred, if they occurred; and


(b) . . . records, if any, that indicate that the alleged multiple baths (three in one
day) were given to Mr. Otte, deceased, during the month of June, 1991, as
part of any training program; and


(c) . . . the names of orderlies and any other nursing home personnel that
attended to Mr. Otte, deceased, during the month of June, 1991.



The Home stated in response to the first two that there was no date on which three baths were
given to Mr. Otte. The Home also provided the list of names, which included the name of the
person, John Simmons, who Mrs. Otte stated informed her of the multiple baths.

 The court then granted the motion for summary judgment without specifying on
which grounds it relied.

 By their first point of error, the Ottes contend that the trial court erred by denying
their motion to compel the production of documents relating to the training of the Home's
employees. The Home contends that the Ottes failed to preserve this error for appellate review
by failing to present the issue to the trial court as required by Texas Rule of Civil Procedure
166a(c). 

 Contrary to the Home's assertion, the Ottes presented this issue in their Objection
to Defendants' Motion for Summary Judgment and Request for Continuance of Hearing on
Summary judgment. In that document, the Ottes complained regarding the Home's failure to
produce the training records; the Ottes explained that the absence of these records blocked their
efforts to obtain expert testimony regarding the proximate cause of Mr. Otte's death. This
document informed the court of the affect that the refused discovery had on their ability to respond
to the motion for summary judgment.

 The Home's argument also ignores the Ottes' motion to compel production of the
training documents. The appellate rules require that parties preserve their points on appeal by
making a timely request, objection, or motion, stating the specific grounds for the desired ruling. 
Tex. R. App. P. 52(a). The Ottes' motion to compel did just that. The court knew what relief
the Ottes desired and chose to deny the request in part. No further action was necessary. Unlike
a trial where evidence is excluded, here we cannot require the Ottes to have offered the evidence
at trial because their complaint is that they have not been allowed to obtain it. The Ottes
preserved error on this exclusion.

 We review the limitation of discovery for an abuse of discretion. Cutler v. Gulf
States Utils. Co., 361 S.W.2d 221, 224 (Tex. Civ. App.--Beaumont 1962, writ ref'd n.r.e.). A
court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any
guiding principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986). We can reverse only for errors that were reasonably
calculated to and probably did result in an improper judgment. Tex. R. App. P. 81(b)(1).

 The rules call for broad discovery, limited by the legitimate interests of the
opposing party to avoid overly broad requests, harassment, or disclosure of privileged
information. Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 553 (Tex. 1990). The rule provides:



Parties may obtain discovery regarding any matter which is relevant to the subject
matter in the pending action . . . . It is not ground for objection that the
information sought will be inadmissible at the trial if the information sought
appears reasonably calculated to lead to the discovery of admissible evidence.



Tex. R. Civ. P. 166b(2)(a). The tests for relevance and "reasonably calculated to lead to
admissible evidence" are liberally construed to allow the litigants to obtain the fullest knowledge
of the facts and issues before trial. Axelson, 798 S.W.2d at 553. The burden is on the party
resisting the discovery request to plead and prove the basis of its objection. State v. Lowry, 802
S.W.2d 669, 671 (Tex. 1991); General Elec. Co. v. Salinas, 861 S.W.2d 20, 23 (Tex.
App.--Corpus Christi 1993, orig. proceeding). The trial court abuses its discretion in preventing
discovery when no evidence is presented substantiating an objection to the discovery. Weisel
Enters., Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986); Salinas, 861 S.W.2d at 23.

 We find almost no evidence in the record bearing on the bases (overbroad, unclear,
non-specific, vague, ambiguous, unduly burdensome, a fishing expedition, and beyond the scope
of permissible discovery) of the Home's objections to the Ottes' request for production; the
Home's interrogatory response denying Mr. Otte's involvement in training bears slightly on the
burdensomeness issue. The record does not support the degree of constriction the court ordered.

 The court's order compelling discovery on this issue is unreasonably narrow. By
limiting the required production to records that show three baths given to Mr. Otte as part of a
training exercise, it may have excluded extant, relevant records. For example, the Home did not
have to divulge any records showing three baths given to an unnamed patient, nor records
showing two or four or more baths given to Mr. Otte. If such records exist, they might strengthen
the Ottes' claim.

 The narrowness of the order prevented the Ottes from ascertaining whether the
Home possessed records containing proof of the alleged excessive bathing. This bore directly on
their ability to produce proof of negligence and indirectly on their ability to gather proof of
proximate cause in response to the motion for summary judgment. The fact that the contents of
undiscovered documents is unknown prevents us from doing a definite harm analysis. We can
say that, if the training documents exist and hold the information the Ottes believe they do, the
court's error probably led to an improper summary judgment on both the negligence and
proximate cause grounds. We sustain point one. We therefore need not address point two. See
Tex. R. App. P. 90(a).

 We reverse the judgment and remand the cause for further proceedings.


Before Chief Justice Carroll, Justices Aboussie and Jones; Justice Aboussie Not Participating

Reversed and Remanded

Filed: August 16, 1995

Do Not Publish